MICHAEL WALL *versus* HOWARD INSURANCE COMPANY.

The plaintiff was insured by the defendants $2000 upon his stock of clothing. He delivered to the company an account, on oath, claiming his loss to be $2400. On trial, more than three years afterwards, the jury assessed his damages at $1060. The verdict, on defendants' motion, was set aside, one of the conditions annexed to the policy being "that all fraud or false swearing shall cause a forfeiture of all claims on the insurers, and shall be a full bar to all remedies against the insurers on the policy."

ON MOTION to set aside the verdict.

This was an action on a policy of insurance upon the plaintiff's stock of clothing in his store at Portland, to the amount of $2000. The verdict was for $1060.

*Shepley & Dana,* for the plaintiff.

*Rand,* for the defendants.

The grounds for the motion will appear from the opinion of the Court, which was drawn up by

DAVIS, J.—The plaintiff procured of the defendants a

policy of insurance upon his stock of clothing, to the amount of $2000. The store occupied by him was destroyed by fire, Nov. 25, 1858. He claimed that the value of his stock on hand at the time was $2,400; and he commenced a suit upon the policy. The case was tried at the January term, 1860, and resulted in a verdict for the plaintiff, for the amount insured. That verdict was set aside by the full Court, on the ground that it was against the evidence. A new trial was had at the October term, 1861, resulting again in a verdict for the plaintiff, for the sum of $1,060. The counsel for the defendants filed a motion to have that verdict set aside.

There would seem to be the same reason to set aside the second verdict, as the first. The evidence was substantially the same. The ground of the defence was, that the amount of the plaintiff's stock was much less than claimed by him. As this appeared to be established by the evidence, the first verdict, for the full amount insured, was set aside.

The amount of the second verdict, exclusive of interest, is a little over nine hundred dollars. If the plaintiff had not *claimed* a greater loss than that, notwithstanding the suspicious circumstances attending it, we might not have disturbed the verdict.

It was the duty of the plaintiff, as soon as possible after the loss, to deliver to the company an account, on oath, of his loss or damage, as particular as the nature of the case admitted, stating the cash value of the property insured. *Conditions of Insurance, article* 9. This the plaintiff did, the next day after the fire, claiming the value of the goods destroyed to have been $2,400.

By note 3, to the same article of the conditions annexed to the policy, it is provided that "all fraud or false swearing shall cause a forfeiture of all claims on the insurers, and shall be a full bar to all remedies against the insurers on the policy."

The plaintiff made oath to his account, stating the value of the stock destroyed to have been twenty-four hundred

dollars. The jury, in their verdict, must have found it to have been about nine hundred, to which they added the interest after sixty days. If the difference had been less, we might have supposed that it resulted from some mistake, or error of opinion, that would not necessarily involve the plaintiff in any fraud. But, when the jury have found that his claim was for nearly three times the actual amount, we are not at liberty to account for it on the ground of error, or mistake. Assuming that the verdict is for the right amount, the inference cannot be avoided that the plaintiff, by rendering on oath a false account, attempted to defraud the insurers, and thereby forfeited all his rights under the policy. Under these circumstances, the verdict must be set aside, and a new trial granted. *Levy* v. *Baillie*, 7 Bing., 349.

APPLETON, C. J., CUTTING, KENT, WALTON and DICKERSON, JJ., concurred.