## No. 2237.—J. BECK v. GERMANIA INSURANCE COMPANY.

A discrepancy between the value of goods destroyed by fire, as sworn to by the insured, and the value as proven on the trial in a suit against the company to recover the policy, is not necessarily evidence of fraud against the company on the part of the insured.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *A. & M. Voorhies* and *H. R. Schmidt*, for plaintiff. *J. M. Dirrhammer* and *C. E. Schmidt*, for defendant and appellant.

HOWELL, J. This is an action on a policy of insurance for the sum of $2600, the amount specified therein as the value of a stock of merchandise and fixtures insured with defendant by plaintiff.

The defense is that the statement of loss furnished by plaintiff to defendant is false and untrue, and by reason thereof plaintiff has forfeited the insurance. Judgment was rendered for $1800. A motion was made for a new trial on various grounds, and upon plaintiff's entering a *remittur* for $800, the new trial was refused, and defendant appealed.

The clause of the policy relied on by appellant is in these words: "All fraud and false swearing shall cause a forfeiture of all claims on the insurers, and shall be a full bar to all remedies against the insurer on the policy." The appellant admits that to create a forfeiture under this clause, the false swearing must be done willfully and knowingly, with a view to defraud the company; but contends that the evidence and the act of making the *remittur* show the intention to defraud, and not an innocent error on the part of the assured.

The *remittur* was the act of the attorneys, as explained by them, to avoid the delays of the law from a possible new trial and appeal, and should not enter into the consideration of the intention of plaintiff in making his statement of loss.

Beck v. Germania Insurance Company.

The testimony is conflicting as to the value of the goods destroyed, but it does not justify us in deciding that plaintiff "swore falsely with a view of defrauding the defendant," as contended. It is shown that about four months prior to the fire plaintiff acquired the store in question, which was then insured at $2600, and he took out a new policy for the same amount, the company being unwilling to allow the policy of the vendor to be transferred as was stipulated, and that plaintiff kept the stock at about the same amount, if not greater, up to the time of the fire, and there is no good reason to suppose that he removed any part or did any act for the purpose of recovering from defendant insurance for goods not destroyed, or an amount of value beyond what he may have honestly believed them to be worth. He swears that at the time of effecting the insurance he proposed to the company to inspect the stock.

The difference between the amount sworn to by him and the value proven on the trial, is not necessarily evidence of fraud and false swearing on his part, and the circumstances of this case are not such as to impose on him any further explanation of the discrepancy than the record contains. It is often extremely difficult, if not impossible, to prove the exact value of goods insured in an open policy, and merchants may always be supposed to consider their goods worth more than they give for them. Upon the whole, we see no good reason for disturbing the judgment of the court below.

It is therefore ordered that the judgment be affirmed, with costs.