PHANELA S. WILLIAMS *vs*. PHŒNIX FIRE INS. CO.

*Insurance—over-valuation, as a badge of fraud.*

Whether an over-valuation and proof of loss were fraudulent or not, is a question of fact for the jury; and where there is "much conflict of testimony," and that adduced by the plaintiff is sufficient, if believed, to justify a verdict in her favor, such a verdict will not be set aside, if the discrepancy between the value of the property as found by the jury and the amount insured thereon be not so great as to make it incredible that the over-valuation in the application, and over-estimate in the proof of loss, could have occurred without positive dishonesty or fraudulent intent on the part of the plaintiff.

MOTION FOR NEW TRIAL, because the verdict for the plaintiff was against law and evidence and the weight of evidence in the cause. The amount of the verdict was $1,202.48. The action was upon two policies of insurance issued to plaintiff by the defendants; one for $1,000, on a stock of goods, and the other for $500 on household furniture, piano, etc. Upon the merchandise there were three policies, to wit : the one in suit ; one in the Hartford for 1,000, and one in the Manhattan for $500; making $2,500 in all. The Phœnix was bound to pay only its proportionate part, or two-fifths, of the loss on this property. The other policy in suit was the only one issued covering the furniture, etc.

The ground taken by *Nathan Webb, Esq.*, for the defendants, was that, by the terms and conditions of the policies in suit, any fraud, or attempt at fraud, or false swearing, deprives the insured of all right to recover ; and that the plaintiff had been guilty of a fraudulent over-valuation, and of false swearing to support her claim for loss, and therefore could not recover.

The counsel showed by mathematical computation that the jury must have found for the plaintiff on both policies ; and argued that if the jury gave the full sum insured by the smaller policy ($500), they must have found the stock of goods, which Mrs. Williams swore to be worth $3,000, worth only $1,500 or $1,600 ; while, if they gave the full insurance upon the stock, they must have found the furniture, etc., which she testified to be worth $700, worth less than $200, if they added interest after sixty days from proof of loss, to whatever valuation they fixed on the property, as they doubtless did.

" As we move from either of these assumptions towards the other, the difficulty of sustaining the verdict only changes position. It nowhere disappears. *Levy* v. *Baillie*, 7 Bingham, 349 ; *Wall* v. *Howard Ins. Co.*, 51 Maine, 32.

*James O'Donnell, Esq., contra.*

BARROWS, J.   The defense set up in this case was, that there was a fraudulent over-valuation of the goods insured, and fraud and false swearing in the proofs of loss.   Many witnesses were examined on both sides, and the result is a voluminous report of testimony laid before us upon a motion to set aside the verdict, as against law and evidence and against the weight of evidence in the case.   The defendants do not now claim that the verdict was in violation of any rule of law, or that the plaintiff did not produce evidence sufficient, if it were believed by the jury, to justify the verdict.   There is much conflict of testimony ; but it was for the jury who heard the witnesses to determine how far their respective statements were to be credited.

The amount of the verdict demonstrates that, in the judgment of the jury, there was an over-valuation in one or both of the policies ; but it negatives the charge that it was fraudulently made, or that there was fraud or false swearing in the claim of loss.

The discrepancy, between the value of the goods as found by the jury, and the amount insured, is not so great as to make it absolutely incredible that the over-valuation, and the over-estimate in the proofs of loss, may have occurred without positive dishonesty or fraudulent intent on the part of the plaintiff. The owner of goods may fairly be expected to set a higher value on them than anybody else would, and whatever might be the suspicions excited by a perusal of the testimony here, we cannot say that it is demonstrated that the jury erred in relieving the plaintiff from the imputation of fraudulent intent.

The remedy in this disagreeably numerous class of cases is to be found, not in granting new trials and protracting litigation, even in suspicious cases, but in greater vigilance on the part of the agents of insurance companies to ascertain, beforehand, what it is that they insure and its value, and the true character of the party effecting the insurance.

*Motion overruled.*

APPLETON, C. J.; DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.