## THE COMMERCIAL INSURANCE COMPANY OF CALIFORNIA

*v.*

## J. FRIEDLANDER *et al.* for use, etc.

*Filed at Ottawa June 15, 1895.*

1. INSURANCE—*over-valuation in proofs of loss—effect of.*  Mere over valuation of the property destroyed, honestly made, without intent to deceive, in proofs of loss, will not defeat a recovery on a policy which declares that fraud, over-valuation or misrepresentation shall avoid it, and that proofs of loss shall state the actual cash value of the property.

2. SAME—*effect of appraisal of insured property not destroyed.*  An appraisal of the value of property not destroyed, by persons selected for that purpose, is not conclusive of the amount of loss, so as to preclude proof of the quantity, quality and value of the property insured.

3. NEW TRIAL—*newly discovered evidence as ground for.*  Newly discovered evidence, to be ground for a new trial, must be of a controlling character, and not merely cumulative, and due diligence to procure it at the former trial must have been exercised.

4. TRIAL—*whether over-valuation is fraudulent is for the jury.*  Whether or not an over-valuation in proofs of loss, stating the amount at seven or eight times the value of property destroyed as established by verdict, was fraudulent, is a question for the jury.

5. SAME—*instruction as to manner of arriving at value of property.*  An instruction that the jury, in determining the value of insured property destroyed, may take into consideration the amount paid for the policy by an assignee thereof, is properly refused.

*Commercial Ins. Co.* v. *Friedlander*, 57 Ill. App. 372, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

SCHUYLER & KREMER, for appellant :

The insurer is compelled to trust to the honesty of the insured, and has a right to expect that, in fixing the valuation upon the property destroyed in the proof of loss, he will not misrepresent. *Levy* v. *Bailey,* 7 Bing. 349.

"Fraud," says Mr. Justice CATRON in *Lord* v. *Goddard,* 13 How. 198, "means an intention to deceive," and it is

held in the case of *Hammett* v. *Emerson*, 27 Me. 308, that where a party has made a false representation knowing it to be false, the law infers that he did so with the intention to deceive. Such an intention will be implied where the facts are sufficient to warrant the implication, and where the insured grossly exaggerates the value of the property destroyed. *Foster* v. *Charles*, 7 Bing. 105; *Polhill* v. *Walter*, 3 B. & A. 114; *Sleeper* v. *Insurance Co.* 56 N. H. 401; *Leach* v. *Insurance Co.* 58 id. 245; *Claflin* v. *Insurance Co.* 110 U. S. 81.

In the case of *Ferris* v. *Insurance Co.* 1 Hill, 71, it is said: "A policy is always void, by the common law, for the least want of good faith in the assured."

The law is that a person who has made a fraudulent claim should not be permitted to recover. *Harris* v. *Insurance Co.* 35 Conn. 310; *LaRocque* v. *Insurance Co.* 23 L. C. Jur. 217; *Britain* v. *Insurance Co.* 4 Foster & Fin. Eng. N. P. 905.

If arbitrators have acted in good faith the award is conclusive upon the parties, and cannot be avoided by showing that they erred in judgment respecting the law or the facts of the case, and in the absence of fraud, misconduct or partiality the award will be conclusive. *Merritt* v. *Merritt*, 11 Ill. 566; *Root* v. *Renwick*, 15 id. 461; *Ross* v. *Raymond*, 16 id. 99; *Pulliam* v. *Pensoneau*, 33 id. 375; *Sherf* v. *Graham*, 72 id. 158; *Underhill* v. *Van Courtland*, 2 Johns. Ch. 339.

SETH F. CREWS, for appellee:

The law of Illinois is, that the plaintiff is not, in all cases, bound by the sworn statement in the proof of loss. *Insurance Co.* v. *Stevens*, 48 Ill. 31; *Insurance Co.* v. *Huckberger*, 52 id. 464; *Insurance Co.* v. *Nelson*, 75 id. 548; *Insurance Co.* v. *Pulver*, 126 id. 329.

No legal inference of intentional fraud can be derived from the mere fact that the insured overstates the value. *Insurance Co.* v. *Schroeder*, 18 Ill. App. 216; *Dolan* v. *Insur-*

*ance Co.* 22 Hun, 396; *Helbing* v. *Insurance Co.* 54 Cal. 156; *Miller* v. *Insurance Co.* 19 Blatch. 308; *Insurance Co.* v. *West,* 76 Va. 575; *Behrens* v. *Insurance Co.* 64 Iowa, 19; *Insurance Co.* v. *Moog,* 78 Ala. 284.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by J. Friedlander and S. Newman, for the use of William Reed, against the Commercial Insurance Company, on a policy of insurance issued October 14, 1889, on a stock of leaf tobacco in a certain three-story brick building on Fullerton avenue, Chicago. In the proofs of loss furnished by assured after the fire the total loss was estimated at the sum of $9840, but on a trial before a jury plaintiffs recovered a judgment for $1277.80, which, on appeal, was affirmed in the Appellate Court.

The policy sued on contained the following: "And any false representation by assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or any over-valuation, or any misrepresentation whatever, either in a written application or otherwise, shall avoid this policy. All fraud or attempt at fraud, by false swearing or otherwise, shall forfeit all claims under this policy." "Persons sustaining loss or damage by fire shall forthwith give notice thereof to the company in writing, and, within thirty days after the loss shall have occurred, render a particular account of such loss, signed and sworn to by them, stating whether any, and what, other insurance has been made on the same property, giving notices of the written portion of all policies thereon, also the actual cash value of the property."

In the argument of counsel for appellant, in the Appellate Court, the following grounds were relied upon to reverse the judgment, and the same are relied upon here: First, that the insured were guilty of fraud and false

swearing and misrepresentation and over-valuation of the loss within the conditions of the policy, and that the court erred in not granting a new trial for that reason; second, that the evidence offered on behalf of the plaintiffs failed to show that the award of the arbitrators was fraudulent, was inadmissible, and that the award was not conclusive and binding on the plaintiffs; third, that the trial court erred in not setting aside the verdict and granting a new trial, for the reason that the same is manifestly against the weight of the evidence; fourth, that the trial court erred in not granting a new trial in said cause on the ground of newly discovered evidence, shown by the affidavit read on behalf of the defendant; fifth, that the trial court erred in refusing to instruct the jury as requested on behalf of the defendant.

In regard to the first point relied upon, it is claimed in the argument that as the assured, in their proofs of loss, estimated the amount at $9840 and the jury returned a verdict for only the sum of $1277.80, the discrepancy is sufficient to establish a fraudulent over-valuation, within the meaning of the policy. The mere fact that the assured, in the proofs of loss, has made an over-valuation of the property destroyed will not defeat a recovery on the policy for the actual loss sustained. If the assured, in making proofs of loss, acts in good faith, in the honest belief that the property destroyed was worth the amount of the valuation placed upon it, and the excessive valuation was not intended to deceive or defraud the insurance company, such over-valuation cannot be held to be fraudulent, and it will not defeat a recovery. (*Rockford Ins. Co.* v. *Nelson*, 75 Ill. 548; *Franklin Fire Ins. Co.* v. *Vaughan*, 92 U. S. 516.) There are numerous cases found in the books where the recovery has been sustained although much less than the amount of loss as the same was estimated in the proofs of loss. *National Bank* v. *Hartford Fire Ins. Co.* 95 U. S. 673; *Moore* v. *Protection Ins.*

*Co.* 29 Me. 47; *Dodge* v. *Northwestern Nat. Ins. Co.* 49 Wis. 501; *Helbing* v. *Svea Ins. Co.* 54 Cal. 156.

Whether the over-valuation found in the proofs of loss was fraudulent, was, as held in *Insurance Co.* v. *Weides*, 14 Wall. 375, a question of fact, to be determined by the jury. At the request of the insurance company the jury made the following special findings :

"*First*—Do you find, from the evidence, that at the time of the alleged fire at 193 Fullerton avenue there was eight thousand pounds of tobacco in the basement of the building described by the witnesses for the plaintiff in this case?—Yes.

"*Second*—Do you find, from the evidence, that the witness Friedlander has willfully testified that there was more tobacco in the basement of the building at 193 Fullerton avenue at the time of the fire than was actually there at the time of the fire?—No.

"*Third*—Do you find, from the evidence, that J. Friedlander and S. Newman, in their proofs of loss, have willfully and falsely sworn to the amount of the loss and damage covered by the policy in question?—No."

Under these findings of the jury the question of fact was settled against the insurance company.

The next point relied upon is, that the court erred in admitting evidence of the quantity, quality and value of the tobacco insured, because such evidence tended to impeach the award made by the arbitrators.   If the assured and the insurance company had submitted to arbitration the amount of damages which the assured had sustained by the fire, and the arbitrators had heard the evidence and honestly and fairly determined the amount by an award according to the terms of the submission, the award of the arbitrators might be held conclusive between the parties and a bar to an action on the policy. But, as we understand the record, that was never done. The plaintiffs refused to enter into an arbitration, but agreed to the appointment of three appraisers to appraise

the tobacco remaining after the fire.   The mere fact that three men were selected to appraise the value of the property remaining after the fire, would not, in our opinion, deprive the plaintiffs of the right to introduce evidence of the quantity, quality and value of the tobacco embraced in the policy, nor did such evidence tend to impeach an award.

The third point relied upon presents purely a question of fact, which was settled by the decision of the Appellate Court, and is not reviewable here.

It is next insisted that the court erred in not granting a new trial on the ground of newly discovered evidence. A motion for a new trial is never granted unless it appears that due diligence was used to procure the evidence.   The newly discovered evidence must be of a controlling character, and not merely cumulative.   Here the newly discovered evidence related to the amount of the tobacco, which was one of the controverted questions before the jury, and hence it was merely cumulative.   Moreover, it is manifest, from the affidavits, that if proper diligence had been exercised the evidence might have been procured and introduced on the trial.   Under the facts as they appear we do not regard the decision of the court erroneous.

The last question relied upon is, that the court erred in refusing defendant's instruction No. 15.   The policy in question was sold by the assured to William Reed, and the action was brought on the policy for his use.   The instruction directs the jury, that in arriving at the value of the tobacco covered by the policy they may take into consideration the amount paid Reed for the policy, etc. Many considerations may have actuated the holders of the policy to sell, regardless of the value of the tobacco covered by the policy.   They may have been pressed for money.   They may have sold to relieve themselves of a law suit.   Indeed, various other matters no doubt entered into and had a bearing on the fact of making a sale of

the policy.  Under such circumstances the mere fact that a small amount or a large amount was paid for the policy would not determine the value of the tobacco embraced in the policy, and a direction of that character to the jury was properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*