A. GOLDSTEIN, Appellee, v. THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellant.

**Fire insurance:** FRAUD: QUESTION OF FACT. In an action on a fire insurance policy, an issue of over valuation of goods destroyed, where the evidence is conflicting, is for the jury.

**Fraud:** PRESUMPTION. No presumption that a claimed loss by fire was fraudulent, arises from the fact that the verdict for the plaintiff was less than the amount claimed and less than the face of the policy.

**Verdict:** FRAUD: INSTRUCTIONS. Under an instruction, that if the value of the goods destroyed was appreciably less than the face of the policy, where the claimed value was in excess thereof, the plaintiff could not recover unless his representations as to the value were found to be in good faith, the verdict is sustained.

**Special interrogatories.** Special interrogatories which have only a remote bearing on the real question in issue should be refused.

**Same.** On an issue of fraudulent over valuation of goods destroyed by fire, a special inquiry as to whether certain goods were placed in the stock, was not objectionable as the equivalent of a general finding.

*Appeal from Pottawattamie District Court.*— HON. O. D. WHEELER, Judge.

MONDAY, MAY 9, 1904.

ACTION upon a policy of insurance to recover damages for loss by fire. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Edmond H. McVey* and *W. R. Baird,* for appellant.

*Mayne & Hazelton,* for appellee.

WEAVER, J.— I. It is conceded that defendant insured the plaintiff's goods, and that while such policy was still in

force the goods, or some of them, were lost by fire.    Several

**1. FRAUD:**
question of
fact.

defenses to plaintiff's claim were pleaded, but the only one urged in argument is based on the allegation that he fraudulently overstated the amount and value of his goods, and the amount of his loss by said fire, and that thereby, under the terms of the policy, he forfeited all right to a recovery of damages.    Counsel for appellant argue with much earnestness that the alleged fraud in plaintiff's claim is so clearly and overwhelmingly established by the evidence that the court must hold the verdict to be without support.    We do not reach that conclusion.    We cannot undertake to review the testimony farther than to say that the showing on part of the plaintiff clearly entitled him to go to the jury upon this question of fact.    The defense bases its charge of fraud largely upon the testimony of one or more experts, who, taking the list of goods plaintiff claims to have lost, proceed to say that he could not have packed them in the receptacles in which his stock was shipped to Shenandoah, Iowa, where the fire occurred, and that the weight of that quantity of goods would be largely in excess of the weights noted on the bills of lading listed by the common carrier for such shipments.    We think it very clear that this testimony, which is, at best, of an argumentative or inferential character, is not so conclusive or satisfactory that, when opposed to the positive statements of plaintiff as a witness, the jury may not fairly hold with the latter.

II.    It is next said that the verdict of the jury is inconsistent.    The argument on this point is, in effect, that plaintiff claimed to have lost insured goods to the amount of

**2. FRAUD:**
presumption.

nearly $2,000, while the verdict in his favor is for but $1,200, or $300 less than the face of the policy.    The verdict, being for so much less than he claims to have lost, and less than the face of his policy, is said to convict the plaintiff of fraud, upon which the defendant was entitled to a verdict; and yet the jury, notwithstanding such finding, and in violation of the court's instruction that such

fraud would be fatal to his right to recover, nevertheless found in his favor. We think there is no rule of law which attaches a presumption of fraud to a claim because the full amount thereof is not recovered upon the trial. Even though plaintiff's claim of loss was clearly and largely in excess of the value of the goods destroyed, he was nevertheless entitled to recover the amount of his actual damage, within the limit of the policy, unless it be farther shown that the exaggeration of his loss was intentional and fraudulent, and the burden of establishing that fact was upon the defendant. There is no inconsistency in the verdict.

III. It is farther argued that the verdict is contrary to the instructions given by the court, which must be regarded the law of the case. It is said the court charged the jury that, if the value of the goods lost was appreciably less than $1,500 the plaintiff could not recover, and, as the verdict is a concession that such value was only $1,200 there should have been a verdict for the defendant. But the instruction referred to was qualified by the court by a direction that, in order for such discrepancy to defeat plaintiff's right to a verdict, it must be found that he knew the goods to be worth less than he represented them, but, if he acted in good faith, and presented only such claim as he honestly believed to be correct, then he was not guilty of fraud, and would be entitled to recover the actual amount of his loss, even though less than $1,500. The alleged fraud was not so clearly made out that the court could say, as a matter of law, it had been sufficiently established. It was for the jury to say whether plaintiff had acted in good faith, and upon that issue, under instructions quite favorable to the defendant, the verdict was adverse to the defense relied upon. It is sufficiently supported by the evidence, and is not contrary to the law as laid down in the court's charge.

IV. Complaint is made of the ruling of the trial court in refusing to submit certain special findings to the jury, and

in submitting another finding on the court's own motion.

4. SPECIAL IN-TERROGATORIES. The interrogatories refused had reference chiefly to the weight and size of the boxes in which the goods were shipped to Shenandoah, the net weight of the goods, and other items of that nature. It is manifest that these facts were of but remote bearing upon the real question in issue, and that under the holding of the court in *Morbey v. R. R.*, 116 Iowa, 84, the trial court was right in declining to submit them to the jury. Any other rule would lead to a mere cross-examination of the jury concerning its deliberations in the jury room.

The question submitted by the trial court upon its own motion was, " Do you find that all the goods described in Exhibits A and B were placed in plaintiff's stock

5. SAME. at Shenandoah ? " on which inquiry the jury found in the affirmative. Whatever other objection might have been raised to this question, it is not open to the criticism offered by appellant, that it is equivalent to a general finding for plaintiff or defendant upon the issue being tried. Whether all of the goods had been placed in the stock was a material question of fact, and, having found in the affirmative thereon, there still remained the ultimate question whether such goods were in the stock at the time of the fire, and were then and there destroyed.

We find no error in the record, and the judgment of the district court is AFFIRMED.