JAMES W. POTTLE et al.

*vs.*

LIVERPOOL & LONDON & GLOBE INSURANCE COMPANY.

Washington.    Opinion November 13, 1911.

*Insurance.    Fire Policies.    Fraudulent Valuation of Property Lost and Saved.
Evidence.*

In an action on a fire insurance policy to recover damages for loss of stock
of merchandise, where the verdict was for the plaintiffs,

*Held:*  1.   That if a plaintiff falsely and knowingly inserts in his proof of
loss, any articles as burned, which were not burned, or knowingly puts
such a false and excessive valuation on single articles or on the whole
property as displays a reckless disregard of truth, he cannot recover.

2.   That a fraudulent undervaluation of goods saved is as fatal as fraudulent
overvaluation of goods lost.

3.   That in the case at bar practically all the goods claimed to have been
lost were in the second story of the building and the quantity and value
of these goods, as specified in the proof of loss are inherently improbable
considering the size of the room and the other circumstances of the case.

4.   That substantially all the goods in the lower story of the store proper
were saved, and the witnesses introduced by the plaintiffs themselves esti-
mated the value of these goods as $1500, while in the proof of loss the
total of goods saved is $224.10.

5.   That the proof of loss clearly violates the principles of law above stated
and the verdict for the plaintiffs is manifestly wrong.

On motion by defendant.    Sustained.

Assumpsit on a fire insurance policy Maine standard form, issued
by the defendant.    Plea, the general issue with a brief statement
alleging, among other things, as follows:

"That the alleged fire originated by the voluntary act, design,
and procurement of the plaintiffs, or one of them, whereby they
attempted to defraud defendant, and that the policy declared on
was thereby rendered void.

"That plaintiffs attempted to defraud the defendant by knowingly
and intentionally including in their proof of loss, personal property
that was not in their store when the fire occurred, and which was

not injured, destroyed, or lost by reason of said fire; and by knowingly, and intentionally including in said proof of loss personal property that they did not know was in said store at the time of the fire, and destroyed, injured or lost, and which they had no reasonable ground for believing was therein and so destroyed, injured or lost; and that said policy was thereby rendered void.

"That plaintiffs attempted to defraud the defendant by knowingly, wilfully and intentionally placing in their proof of loss a false and excessive valuation upon the several articles alleged to have been injured, destroyed or lost by reason of said fire; and by placing therein valuations on said articles that they did not know to be just and true, and had no reasonable grounds for believing to be just and true; and that said policy was thereby rendered void.

"That the insured property was exposed to loss or damage by fire to the knowledge of the plaintiffs, and they wilfully, intentionally, and fraudulently neglected to make all reasonable exertions to save and protect the same, as required by the terms of said policy, thereby attempting to defraud the defendant and rendering the policy void."

Verdict for plaintiffs for $1293.75. The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Hanson & St. Clair,* and *R. J. McGarrigle,* for plaintiffs.

*C. B. & E. C. Donworth,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, SPEAR, CORNISH, BIRD, HALEY, JJ.

CORNISH, J. It is a firmly established legal doctrine that if a plaintiff in an action on a policy of fire insurance falsely and knowingly inserts in his sworn proof of loss, any articles as burned which were not burned, or knowingly puts such a false and excessive valuation on single articles or on the whole property as displays a reckless disregard of truth, he cannot recover. His own fraudulent acts prohibit it. *Dolloff* v. *Ins. Co.,* 82 Maine, 266; *Rovinsky* v. *Ins. Co.,* 100 Maine, 112.

A painstaking examination and consideration of the record in this case, lead inevitably to the conclusion that although these legal principles were clearly laid down in the charge of the presiding Justice, they were ignored by the jury and their verdict for the plaintiffs is manifestly wrong for that reason.

The plaintiffs were proprietors of a country store at North Perry in the county of Washington, a rural community in which this was the only store and in which a saw mill giving employment to about thirty-five men was the only industry. About six o'clock on the morning of October 18th, 1909, smoke was discovered issuing from the roof of the building which the proprietors had left a few minutes before, and a few neighbors with the entire force from the mill rushed to the rescue, and while some were engaged in putting out the fire which seemed to be in the partition near the chimney, the rest employed themselves in removing the goods and fixtures from the lower story of the building. After working for an hour or more they thought the fire had been quenched and all the men left. But it broke out again shortly after and before it could be arrested the building with the remaining contents burned. The total insurance on the goods was $2500, one-half of which was in the defendant company.

The plaintiffs claimed in their proof of loss that the total sound value of all the goods was $3496.87, and of the goods saved $224.10, leaving a net loss of $3272.77. This claim they reiterate at the trial leaving no opportunity for error or misjudgment, and the only plaintiff who testified further claimed that he had thought of other goods which were omitted from his schedule, amounting to $800 or $1000 more, the largest part of which was down stairs and destroyed. This would make a total claim of nearly $4500, of which only $224.10 was saved, or as he put it in another form only one thirty-second part was taken out, although he admits that the entire stock amounted in May, 1899, to only $2500, and the invoices of goods bought for six months prior to October, 1909, aggregated less than $2400.

It is conceded that the size of the store was 24 by 36 feet, with two stories, the lower, the store proper having a height of about

nine feet, and the upper, about seven. The lower story was fitted in the usual manner with shelving on three sides, a counter on two sides and drawers beneath the shelving and counters. This room was well stocked, one of the plaintiffs' witnesses, an experienced traveling salesman who was familiar with the condition, estimating the value of the goods in this room as $1500. A flight of stairs at the top of which was a trap door, connected the upper and lower stories and this upper room the plaintiffs occupied as their sleeping apartment. During the previous summer they had also used it to some extent as a shop, a carpenter's bench having been installed.

1. In the first place it is impossible to reach any other conclusion than that substantially all the goods in the store proper were removed and saved. There was ample time in which to accomplish it, an ample force for the work and no smoke to interfere. Even the fixtures, such as stove, desk, Post Office boxes, telephone and safe were rescued as well as the heavier goods, such as a barrel of oil and a hogshead of molasses. The testimony of the mill men who did the work and did not depart until it was completed, leaves no room for doubt as to the thoroughness with which they acted.

If the value of these goods was, as claimed by the plaintiffs' witness, $1500, the value placed upon them by the plaintiffs as $224.10 is so low as in itself to substantiate the claim of fraudulent undervaluation which is as fatal in goods saved as fraudulent overvaluation is in goods lost.

2. In the second place, the quantity and value of the goods claimed by the plaintiffs to have been located on the second floor are so great as to render the claim inherently improbable. There would hardly seem to be a demand for such quantities of specific articles in that small community, as for instance, two thousand, seven hundred and fifty yards of cloth, twenty-four cases of breakfast foods, eight barrels of crackers and biscuit, four hundred and fifty pounds of nuts, thirty-five cases of canned berries, three hundred pairs of overalls, $1136 worth of boots, shoes and rubbers, $100 of children's hosiery, fifteen boxes or fifteen hundred cakes of soap, fifty pounds of nutmeg, which is usually sold by the ounce, fifteen hundred cans of Norwegian sardines, etc., etc.

Moreover all these and much more, which it is needless to recapitulate, aggregating as the plaintiffs say, between $2000 and $3000, in value, were stored in this upper room which was also used as a chamber. Were the bulk measured, it would readily be seen that the space would be utterly inadequate for the purpose.

It is therefore

*Held*, that the proof of loss is so clearly false and fraudulent that the plaintiffs' right of recovery was thereby forfeited.

*Motion sustained.*

*Verdict set aside.*