(88 Misc. Rep. 327)

### L. N. GROSS CO. v. WESTCHESTER FIRE INS. CO.
### SAME v. RELIANCE FIRE INS. CO. OF PHILADELPHIA.
### SAME v. CAMDEN FIRE INS. ASS'N.

(City Court of New York, Trial Term.    December 24, 1914.)

1. INSURANCE (§ 553*)—FIRE INSURANCE—PROOF OF FRAUDULENT INTENT—EXCESSIVE CLAIM.

A discrepancy between the amount of loss fixed by the insured in his claim of loss, and the amount awarded by the appraisers, is not of itself proof of fraudulent intent, such as will defeat insured's claim for actual loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1362–1366; Dec. Dig. § 553.*]

2. INSURANCE (§ 668*)—FIRE INSURANCE—ACTION ON POLICY—DIRECTION OF VERDICT—PROOF.

Where, in an action on fire insurance policies, plaintiff made out a prima facie case, and defendants, offering no proof, failed to prove that the insured was guilty of any fraudulent intent as to the loss sustained, a verdict was properly directed for plaintiff for the amount of the award as found by appraisers appointed under the terms of the policies.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

Three actions by the L. N. Gross Company, one against the Westchester Fire Insurance Company, one against the Reliance Fire Insurance Company of Philadelphia, and one against the Camden Fire Insurance Association. A verdict was directed for plaintiff, and defendants move for new trial. Motion denied.

Hays, Hershfield & Wolf, of New York City (Ralph Wolf, of New York City, of counsel), for plaintiff.

John Jay McKelvey, of New York City, for defendants.

FINELITE, J. These three cases were tried together under a stipulation that the evidence applicable to all might be adduced at the one trial of the Westchester Fire Insurance Company. The defendant rested upon the plaintiff's case and offered no proof. The defendant then moved for a direction of a verdict in its favor. The plaintiff also moved for a direction of a verdict in its favor, which motion was granted, and the defendant's motion for a direction was denied. The defendant then moved for a new trial, which motion the court entertained.

The action was brought to recover upon three policies of insurance for loss sustained to the plaintiff about June 19, 1913. The plaintiff was engaged in the manufacture of ladies' waists at Hartford, Conn. Its stock of merchandise and fixtures was insured by the defendants. On June 19, 1913, a fire occurred, and the plaintiff's property as insured was totally destroyed. Proofs of loss were rendered to the insurance companies. The defendant insurance companies questioned the accuracy of the facts contained in the proofs of loss, and pursuant to the terms of the policies three disinterested appraisers were appointed. Hearings were held and the appraisers made their award in favor of the plaintiff for a considerable sum less than the amount set

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

forth in the proofs of loss. These suits were instigated to recover the amount of the award of the appraisers. The property was a total loss. The character of the merchandise was standard; had a definite fixed value. The books of the plaintiff were not destroyed.

The defendant contends that there is no evidence in the record to explain the discrepancy between the award of the appraisers and the amount sworn to in the proofs of loss, over 23 per cent., and upon the merchandise alone of more than 25 per cent. The defendant further contends that the exaggeration of the loss itself is sufficient to show fraud conclusively, claiming that it has been repeatedly held that it is evidence of fraud, and that it is incumbent upon the claimant to show circumstances from which the court can conclude that the exaggerations made were due to an honest mistake. The defendant further contends that the gross discrepancies between the actual loss and the sworn proofs of loss must be regarded as proof of fraud in cases where the claimant had knowledge or means of knowledge of the value of the property destroyed.

The plaintiff contends, on the other hand, if there were a discrepancy, the discrepancy was explained by the witness Harding, who is an expert accountant, and he testified that the difference arose between the proof of loss and the award as found by reason of the fact that there were errors in bookkeeping and mistakes in calculation.

[1, 2] Both sides rely upon the case of Bass v. Phœnix Insurance Company, 161 App. Div. 296, 141 N. Y. Supp. 555, 145 N. Y. Supp. 1112, which was an action almost similar to the one at bar to recover upon policies of insurance, wherein the court held:

That "where, in an action on fire insurance policies to recover for loss to goods arising out of a fire, it appears that the plaintiff immediately after the fire prepared a claim of loss, based upon mere damage to his goods by water and smoke, that about five or six weeks thereafter appraisers appointed by the plaintiff and the defendant assess the plaintiff's damages, and that the damage from water and smoke may diminish or disappear with lapse of time, a discrepancy between the amount of loss fixed by the plaintiff and the amount awarded by the appraisers should not be taken as proof of fraud or fraudulent intent, so as to defeat the plaintiff's claim for actual loss."

The case was tried originally in the Municipal Court of the City of New York, wherein the complaint was dismissed upon the ground that fraud was apparent, which vitiated the policies of insurance. On appeal to the Appellate Term, the judgment was affirmed; Bijur, J., dissenting by written opinion. An appeal was taken to the Appellate Division of the Supreme Court, First Department, and upon the dissenting opinion of Bijur, J., the determination of the Appellate Term and the judgment of the Municipal Court were reversed, and a new trial ordered, as aforesaid, on the opinion of Bijur, J.

On the trial of this action at bar, the defendants failing to prove that the plaintiff was guilty of any fraudulent intent as to the loss sustained by it, the direction in favor of the plaintiff for the amount of the award, as found by the appraisers, was proper. The motion to set aside the verdict and for a new trial must therefore be denied, to which the defendant may have an exception, with 10 days' stay of execution and 30 days within which to make a case.