## CAMPBELL v. GREAT LAKES INSURANCE CO.

1. INSURANCE—FRAUD—MERE OVERVALUATION OF GOODS DESTROYED NOT FRAUD AS MATTER OF LAW.

In an action on a fire insurance policy containing a provision that it should be void in case of any fraud or false swearing by assured, mere disparity of about $13,000 between the amount of loss as found by the jury and that claimed in the sworn proofs of loss, *held*, insufficient to establish fraud as a matter of law, since an exaggeration of the value as a mere opinion, a mere misstatement based upon an erroneous estimate of value, an honest mistake, or an innocent overvaluation lack the essential element of fraud.[1]

2. SAME—WHERE VERDICT SUSTAINED BY EVIDENCE NEW TRIAL PROPERLY DENIED.

Where there was evidence from which the jury might find that assured made merely erroneous estimates or had stated mistakenly overvaluation of the goods destroyed, defendant's motion for a new trial was properly denied.[2]

3. SAME—TRIAL—INSTRUCTION—FRAUD MUST BE ESTABLISHED BY PREPONDERANCE OF EVIDENCE.

An instruction by the trial judge that "in order to defeat a recovery upon this policy, the defendant must by a preponderance of the evidence establish that the insured committed a gross, wilful, and intentional fraud and deliberately committed the crime of perjury with relation thereto," *held*, not erroneous, although it is not commended as a model.[3]

4. SAME—GREAT WEIGHT OF EVIDENCE.

A verdict for plaintiffs *held*, not against the great weight of the evidence.[4]

Error to Wayne; Marschner (Adolph F.), J.     Sub-

[1]Fire Insurance, 26 C. J. § 493; [2]Id., 26 C. J. § 789; [3]Id., 26 C. J. § 777; [4]Id., 26 C. J. § 757.

On effect of false swearing in proofs of loss under fire insurance policy, see note in 32 L. R. A. (N. S.) 453.

mitted June 12, 1924.  (Docket No. 79.)  Decided October 30, 1924.  Rehearing denied December 31, 1924.

Assumpsit by Archibald R. Campbell and another against the Great Lakes Insurance Company on a policy of insurance.  Judgment for plaintiffs.  Defendant brings error.  Affirmed.

*Henry C. Walters* (*Arthur P. Hicks* and *Arthur O. Carmichael*, of counsel), for appellant.

*Friedman, Meyers & Keys*, for appellees.

FELLOWS, J.  Defendant insurer's risk was $7,500 of a total of $22,500 fire insurance issued to Wilbur, Fay, Schmidt and Reynolds, trading as Charles C. Schmidt Auction Company, and covering a stock of furniture in Detroit.  After loss, Wilbur, Schmidt and Reynolds assigned to Campbell, and he and Fay sued defendant on the policy.  To review a judgment for plaintiffs, defendant brings error.

1. The policy provided:

"This entire policy shall be void, if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance, or the subject thereof; or, in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss."

It is urged that the disparity between the amount of loss and damage claimed in the sworn proofs of loss, $31,458.30, and the amount of loss found by the jury, $18,000, is so great as to establish that the assureds were guilty of fraud and false swearing as a matter of law, and that therefore the trial judge erred in denying the motion for a new trial.

It is said in *Brunswick-Balke-Collender Co.* v. *Assurance Co.*, 142 Mich. 29:

"In 1 Clement on Fire Insurance, p. 276, Rule 3, the rule is stated as follows:

" 'Fraud or false swearing implies something more than mistake of fact or honest misstatements on part of assured. They may consist in knowingly and intentionally stating upon oath what is not true, or a statement of a fact as true which the party does not know to be true, and which he has no reasonable ground of believing to be true.' "

And in 5 Joyce on Insurance, § 3781:

"It is not only necessary to prove that the swearing was false, but that it must also be proved that it was done willfully, knowingly, and with intent to defraud, for fraud cannot be established from the mere fact that the loss was less than was claimed in the preliminary proofs furnished, though such discrepancy may be evidence to aid in proving fraud in connection with the other facts necessary to be shown."

An exaggeration of the value as a mere opinion, a mere misstatement based upon an erroneous estimate of value, an honest mistake, an innocent overvaluation, lack the essential element of fraud and do not operate to avoid the policy. *Farmers' Mut. Fire Ins. Co.* v. *Gargett*, 42 Mich. 289; *Barrett* v. *Insurance Co.*, 195 Mich. 209; *Knop* v. *Insurance Co.*, 107 Mich. 323; *Walker* v. *Underwriters' Ass'n*, 142 Mich. 162; *Simon Cloak & Suit Co.* v. *Insurance Co.*, 141 N. Y. Supp. 553; *Nugent* v. *Insurance Co.*, 106 App. Div. 308 (94 N. Y. Supp. 605). The trial judge instructed the jury, in effect, that if the assureds were found to have violated the quoted provision of the policy there could be no recovery. The verdict negatives the existence of actual fraud unless it can be held that the jury disregarded the instruction. The trial judge, in denying said motion, did not decide the question in the ab-

stract, but with reference to the evidence.   Is there room on this record for the jury to find that the assureds had made merely erroneous estimates or had stated mistakenly overvaluation?   We think there is. The bookkeeping seems to have been rather primitive. The practice of assureds was to have one, seemingly more learned than they, make an occasional write-up of the books from check stubs, slips, invoices, etc. The evidence indicates that a considerable number of invoices had been lost.   Goods had been received in lots without regular invoices.   Much of the statement of loss was made from memory alone.   On the third and fourth floors of the building the fire was severe and a large part of the goods was destroyed beyond identification.   For this, mere estimates were made. Indeed, the statement of loss might be found to be largely estimate.   Assureds' attempts to list goods from memory and to estimate items of loss, when subjected to cross-examination, revealed differences and inconsistencies.   But the jury might find, and it seems did find, on this record that there was no fraud or false swearing avoiding the policy.   The court did not err in denying the motion.   Interesting and instructive cases on this question, collected by counsel, are cited in the margin.[1]

---

[1]*Dogge* v. *Insurance Co.*, 49 Wis. 501 (5 N. W. 889); *Commercial Ins. Co.* v. *Friedlander*, 156 Ill. 595 (41 N. E. 183); *L. N. Gross Co.* v. *Insurance Co.*, 151 N. Y. Supp. 945; *Franklin Ins. Co.* v. *Culver*, 6 Ind. 137; *Dunn* v. *Insurance Co.*, 109 La. 520 (33 South. 585); *Unger* v. *Insurance Co.*, 4 Daly (N. Y.), 96; *Gerhauser* v. *Insurance Co.*, 7 Nev. 174; *Wolf* v. *Insurance Co.*, 43 Barb. (N. Y.) 400, Affd. 41 N. Y. 620; *Clark* v. *Insurance Co.*, 36 Cal. 168; *Obersteller* v. *Assurance Co.*, 96 Cal. 645 (31 Pac. 587); *Williams* v. *Insurance Co.*, 61 Me. 67; *Moore* v. *Insurance Co.*, 29 Me. 97 (48 Am. Dec. 514); *Sternfeld* v. *Insurance Co.*, 50 Hun (N. Y.), 262; *Alfred Hiller Co.* v. *Insurance Co.*, 125 La. 938 (52 South. 104, 32 L. R. A. [N. S.] 453); *Goldstein* v. *Insurance Co.*, 124 Iowa, 143 (99 N. W. 696); *Hodge* v. *Insurance Co.*, 111

2. We quote from the charge:

"In order to defeat a recovery upon this policy, the defendant company must by a preponderance of the evidence establish that the insured committed a gross, wilful and intentional fraud and deliberately committed the crime of perjury with relation thereto."

This is said to be erroneous. The language is taken almost verbatim from *Jacobs* v. *Insurance Co.*, 195 Mich. 18, where such instruction was held not to be erroneous, and it was there said, and might as well be said here:

"The defense was not based on any constructive fraud, but actual, intentional, wilful, and criminal fraud. This court held in *Brunswick-Balke-Collender Co.* v. *Assurance Co.*, 142 Mich. 29, that the defense of fraud or false swearing must be based upon actual fraud and requires proof of fraudulent intent, and the authorities are there cited."

We are not persuaded that the *Jacobs Case* in this respect should be overruled, and therefore we hold again that the instruction does not constitute reversible error, although it is not commended as a model. See *Tiefenthal* v. *Insurance Co.*, 53 Mich. 306. If the instruction had required that defendant prove the misconduct which it had charged by some other or greater

Minn. 321 (126 N. W. 1098); *Spring Garden Ins. Co.* v. *Syndicate Co.*, 102 C. C. A. 29, 178 Fed. 519; *Connecticut Fire Ins. Co.* v. *Mercantile Co.*, 161 Ky. 718 (171 S. W. 407); *Hirschman* v. *Insurance Co.*, 123 N. Y. Supp. 781; *Helbing* v. *Insurance Co.*, 54 Cal. 156 (35 Am. Rep. 72); *Beck* v. *Insurance Co.*, 23 La. Ann. 510; *Rasmusson* v. *Insurance Co.*, 83 Wash. 569 (145 Pac. 610, L. R. A. 1915C, 1179); *Fidelity Phenix Fire Ins. Co.* v. *Sadau* (Tex. Civ. App.), 178 S. W. 559; *Western Assurance Co.* v. *Ray*, 105 Ky. 523 (49 S. W. 326); *Fire Ass'n of Philadelphia* v. *Allesina*, 49 Or. 316 (89 Pac. 960); *Wall* v. *Insurance Co.*, 51 Me. 32; *Pottle* v. *Insurance Co.*, 108 Me. 401 (81 Atl. 481).

burden than by the preponderance of the evidence, such as "beyond a reasonable doubt," "to your entire satisfaction," or "by overwhelming evidence," then the following cases cited by defendant might be in point: *Knop* v. *Insurance Co.*, 107 Mich. 323; *Morley* v. *Insurance Co.*, 85 Mich. 210; *Farmers' Mut. Fire Ins. Co.* v. *Gargett*, 42 Mich. 289; *Buck* v. *Sherman*, 2 Doug. (Mich.), 176; *Watkins* v. *Wallace*, 19 Mich. 57; *Elliott* v. *Van Buren*, 33 Mich. 49 (20 Am. Rep. 668); *Peoples* v. *Evening News Ass'n*, 51 Mich. 11; *Monaghan* v. *Insurance Co.*, 53 Mich. 238; *Sweeney* v. *Devens*, 72 Mich. 301; *Barrett* v. *Insurance Co.*, 195 Mich. 209. But the instruction in question required properly but a preponderance of the evidence.

3. The trial judge was right, also, in declining to hold the verdict to be against the great weight of the evidence.

Other assignments relate to claimed errors in admitting and rejecting evidence. They have been examined and, on the record before us, do not call for discussion. No reversible error is found.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. CLARK, C. J., did not sit.