C. López Pérez, Inc., Plaintiff and Appellant, *v.* The Western Assurance Company, Defendant and Appellee.

No. 4448.   Argued March 7, 1929.—Decided November 14, 1929.

R. *Rivera Zayas,* for appellant.   J. H. *Brown* and C. *Ruiz Nazario,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was an action on a fire insurance policy. The District Court of San Juan decided in favor of the defendant insurance company. Virtually, the only attack on the judgment is that the court erred in weighing the evidence.

The appellee draws attention to the deficiencies in the brief of the appellant. There was not a sufficient compliance with the rules of this court, especially as the brief contains no statement of the case. The assignment of errors was defective in containing no real attempt at definition or specification. Likewise, the brief is anything but a readable document. The typing was poorly done, not distinctly double-spaced, and the pages were written without marginal spaces on either side, and very little at the top. Nevertheless, as the error assigned is in effect single, we shall give it some consideration.

As we read the opinion of the court the decision was

based on two grounds: That the plaintiff was not entitled to recover the $15,000 claimed because his proof of loss was false and fraudulent, and because at the time of the fire he had in his possession or in his shop about one-fourth of the property that he set forth in his inventory. These conclusions or findings of the court are entirely justified by the evidence.

The proof tended to show that the alleged inventory was made in alphabetical order. The court commented severely on this fact and deduced that it was practically impossible that in a drug store the taking of an inventory should have been made in such alphabetical order. The articles in a drug store are not so arranged, and the probability would be that the plaintiff took a catalogue and stated his stock in conformance therewith. Not only was this so, but, as pointed out by the court, respectable witnesses of the defendant who had seen the stock gave testimony tending to show that the articles to be found in the drug store did not have a value of more than about $4,000, while the claim was $15,000. There was testimony of the plaintiff to the effect that the amount of sales of his drug store was around $40 a day, and the opinion of an expert was to the effect that such sales ordinarily would represent a value in stock of about $4,000 or $5,000. It would appear that there was no reason, if his sales were so small, why the plaintiff should have so large a stock on hand.

However, even if there were inconsistencies in the evidence of the various witnesses of the defendant, nevertheless the burden of proof as to the loss was on the plaintiff, and the court did not believe the witnesses of the plaintiff.

By way of illustration the court mentioned some of the evidence it did not believe. The appellant fastens his criticism on some of these specifications. The court was not mistaken in the specifications, but in addition it based its decision conclusively in its disbelief in all the witnesses of the

plaintiff save one. As we have suggested in *Deliz* v. *Deliz*, *ante*, p. 72, where the court does not believe the statements of the witnesses on one side or the other, it is unnecessary to go into all the reasons. The court gave numerous reasons for its decision.

In this discussion we have not attempted to segregate the fraudulent proof of loss from the failure of the plaintiff to own or possess the amount of the goods claimed.

It is well settled law that where the proof of loss is fraudulent or where the claim made is grossly excessive the plaintiff, under the conditions of an insurance policy, as in this case, can not recover. *Pottle* v. *Liverpool & London & Globe Ins. Co.,* 81 Atl. 481; *Fire Ass'n. of Philadelphia* v. *Allesina,* 89 Pac. 960; *Alfred Hiller Co.* v. *Insurance Co. of North America,* 52 So. 104; *Huchberger* v. *Home Fire Ins. Co.* 5 Bis. 106, 12 Fed. Cas. 793 (No. 6821).

We are impressed by the citation made by the court below from *Huchberger* v. *Home Fire Ins. Co., supra:*

"In cases of this kind, the plaintiff must come into court with clean hands. The insured is presumed to know better than any one else the value of his property and the amount of his loss, and is bound to make his statement of loss honestly, without any attempt to obtain more than his actual damage; and this rule of law thus defeats all claims unless honestly made, is intended to protect insurance companies from frauds which might otherwise be perpetrated on them. It is a rule which can do an honest man no harm."

So far we have discussed only the matters decided by the court below. The appellee insists that the court might have also decided in favor of the defendant on other grounds. While the position of the defendant is somewhat technical and probably would not have been raised in an honest case, yet we agree with the appellee that the plaintiff did not clearly prove that the property belonged to the plaintiff corporation at the time of the loss. It would seem that the transfer to the plaintiff corporation had not been duly made.

We have the idea also, as maintained by appellee, that the plaintiff did not keep proper books or did not make a due inventory.

There were one or two other questions raised which we find it unnecessary to discuss.

The judgment should be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.