FOREMAN v BADGER MUTUAL INSURANCE COMPANY

Docket No. 98256. Submitted May 10, 1988, at Detroit. Decided July 6, 1988.

William Foreman's house, which was insured by Badger Mutual Insurance Company, was damaged by fire. Foreman's attorney demanded, in a letter to Badger, the $22,500 policy limit for personal property replacement. Foreman brought an action against Badger in the Wayne Circuit Court. Appraisers were appointed and an award of $3,315 for property damage was signed by the appraisers. Badger moved to amend its pleading to assert the defense of fraud or false swearing. The court, Marvin R. Stempien, J., denied the motion and granted judgment for plaintiff on the appraisers' award. Defendant appealed.

The Court of Appeals *held:*

Fraud or false swearing as a defense to an insurance claim implies something more than mistake of fact or honest misstatements on the part of the assured. It consists of knowingly and intentionally stating upon oath what is not true, or a statement of fact as true which the party does not know to be true and which he has no reasonable ground of believing to be true. Here there was no oath as to the value of the damaged personal property.

Affirmed.

INSURANCE — DEFENSES — FRAUD — FALSE SWEARING — EVIDENCE.

Fraud or false swearing as a defense to an insurance claim implies something more than mistake of fact or honest misstatements on the part of the assured; it consists of knowingly and intentionally stating upon oath what is not true, or a statement of fact as true which the party does not know to be true and which he has no reasonable ground of believing to be true; it is necessary to prove not only that the swearing was false but that it was done willfully, knowingly, and with intent

REFERENCES
Am Jur 2d, Insurance §§ 1371-1376, 1956.
Overvaluation in proof of loss of property insured as fraud avoiding fire insurance policy. 16 ALR3d 774.

to defraud, for fraud cannot be established from the mere fact that the loss was less than was claimed in the preliminary proofs furnished, though such discrepancy may be evidence to aid in proving fraud in connection with the other facts necessary to be shown.

*Bloom, Prahler & Kavanaugh* (by *Gary M. Bloom*), for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *David R. Tuffley*), for defendant.

Before: G. R. McDONALD, P.J., and M. J. KELLY and W. F. LAVOY,* JJ.

PER CURIAM. This appeal arises out of a complaint filed by plaintiff in the Wayne Circuit Court on March 21, 1985, to recover fire insurance proceeds allegedly due plaintiff by defendant, which insured plaintiff against fire loss and damage to his dwelling and its contents. On October 23, 1986, after the completion of a court-ordered appraisal, plaintiff filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). On November 4, 1986, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). On December 12, 1986, the Wayne Circuit Court denied defendant's motion and granted plaintiff's motion. An order granting plaintiff's motion for summary disposition was entered January 26, 1987. Defendant appeals as of right from this order granting plaintiff's motion for summary disposition.

Plaintiff's house was damaged by fire on April 14, 1984. At the time the house was insured by defendant for $45,000 and the contents were insured for $22,500. Plaintiff filed a claim for policy

* Circuit judge, sitting on the Court of Appeals by assignment.

proceeds. Defendant declined to pay plaintiff immediately. Plaintiff retained counsel to represent his interests. Counsel submitted plaintiff's demands and in due course filed suit.

On October 18, 1984, plaintiff's counsel sent a letter to defendant's claims department requesting an explanation for defendant's delay in paying plaintiff his insurance proceeds. Defendant responded that plaintiff had not yet provided defendant with repair estimates or a list of the personal property destroyed in the fire. On December 3, 1984, counsel sent defendant the inventory plaintiff prepared of the personal property he lost in the fire. After a contractor was hired to estimate the cost of repairing plaintiff's home his attorney sent demand letters to defendant requesting the full policy limits of coverages on both the home and the contents. Defendant rejected the demands and the plaintiff filed his complaint in the Wayne Circuit Court. Subsequently the Wayne Circuit judge appointed an appraiser and each party appointed its appraiser. The appraisers agreed on the actual cash value of plaintiff's dwelling very close to the policy limits, but as to plaintiff's personal property the appraisal was considerably less, $3,315 on a personal property limitation of $22,500. This prompted defendant to file a motion to amend its affirmative defenses to allege fraud and false swearing as to the personal property portion of plaintiff's claim. Motions for summary disposition were presented by each party and after argument the trial judge denied defendant's motion and granted plaintiff's motion awarding $46,434.59, the amount of the appraisal award.

Defendant claims the trial court erred in granting plaintiff's motion for summary disposition because plaintiff had claimed an excessive value for his lost personal property and that it is an issue of

fact whether that excessive claim constituted a fraud. We affirm.

The fire insurance policy in question is a standard fire policy as prescribed by statute, the terms of which are mandatory under the Michigan Insurance Code, MCL 500.2832; MSA 24.12832. The code provides the appraisal procedure as a substitute for judicial determination of a dispute concerning the amount of a loss. *Thermo-Plastics R & D Inc v General Accident Fire & Life Assurance Corp, Ltd,* 42 Mich App 418; 202 NW2d 703 (1972). This procedure has been described as a "simple and inexpensive method for the prompt adjustment and settlement of claims." *Shapiro v Patrons' Mutual Fire Ins Co of Michigan,* 219 Mich 581, 586; 189 NW 202 (1922).

An insurer's defense of "false swearing" (fraudulent proof of loss) has been defined:

> In 1 Clement on Fire Insurance, p. 276, Rule 3, the rule is stated as follows:
> "Fraud or false swearing implies something more than mistake of fact or honest misstatements on part of assured. They may consist in knowingly and intentionally stating upon oath what is not true, or a statement of fact as true which the party does not know to be true, and which he has no reasonable ground of believing to be true." [*Campbell v Great Lakes Ins Co,* 228 Mich 636, 638; 200 NW 457 (1924).]

Quoting 5 Joyce on Insurance, § 3781, the Michigan Supreme Court noted:

> It is not only necessary to prove that the swearing was false, but that it must also be proved that it was done willfully, knowingly, and with intent to defraud, for fraud cannot be established from the mere fact that the loss was less than was claimed in the preliminary proofs furnished,

though such discrepancy may be evidence to aid in proving fraud in connection with the other facts necessary to be shown. [*Campbell, supra,* p 638.]

The exaggeration of the value of one's property which is merely an opinion, a misstatement based on an erroneous estimate, an honest mistake or an innocent overvaluation, lacks the essential element of fraud and does not operate to allow the insurer to avoid the terms of the insurance policy. *Campbell, supra,* p 638. "Fraudulent procurement has all the normal fraud elements, while fraudulent proof of loss, also called 'false swearing', does not have justifiable reliance as one of its elements." *Rayis v The Shelby Mutual Ins Co of Shelby, Ohio,* 80 Mich App 387, 392; 264 NW2d 5 (1978), citing *Campbell v Great Lakes Ins Co,. supra.*

Here, the court-appointed umpire and the separate appraisers selected by plaintiff and defendant, respectively, all signed an appraisal award setting damages under the policy at $46,434.59. Thus, finding no material issue of fact existed, the court granted plaintiff's motion for summary disposition and awarded a judgment in plaintiff's favor for the appraisal amount. The trial court did not err in granting plaintiff's motion for summary disposition.

The appraisal procedure is mandated by statute. Defendant's representative to these proceedings agreed to the appraisal award. Plaintiff was entitled to summary disposition. Defendant's argument that plaintiff's attorney's demand for $22,500 for replacement of personal property constituted false swearing and that defendant was thus entitled to judgment as a matter of law is untenable.

Defendant's claim is based on plaintiff's counsel's letter of January 22, 1985. In this letter,

counsel stated: "At present, we request Twenty-Two Thousand Five Hundred and no/100 ($22,500.00) Dollars in order to replace Mr. Foreman's damaged personal property, pursuant to the limits of his personal property liability coverage." Plaintiff did not swear to this demand under oath or in any way testify that $22,500 represented the actual value of his lost personal property. Whether the "request" for coverage limits is construed as an offer of settlement or an opening of negotiations, it cannot under any interpretation be construed as tantamount to false swearing as there was no swearing at all.

When asked at oral arguments why a sworn proof of loss or statement of claim had not been required of plaintiff by defendant insurance company, counsel responded:

> The letter from the attorney was accepted as the claim and that happens from time to time that it may be, may well be treated as the claim on behalf of the parties.

Further, counsel stated there was no request for a sworn proof of loss. We conclude that defendant waived its requirement of a sworn proof of loss and that such a waiver is fatal to defendant's claim of fraud. There was no swearing, false or otherwise.

Affirmed.