[No. 14735.   Department Two. — December 7, 1892.]

JOHN OBERSTELLER, Respondent, *v.* THE COMMERCIAL ASSURANCE COMPANY, Appellant.

Fire Insurance — False Statement of Loss — Effect of Special Verdict as to Value — Finding of Fraud. — Where an insurance policy provided that "in case of any fraud or false swearing by the insured touching any matter relating to the insurance, whether before or after loss," and the answer to an action upon the policy brought to recover the full amount of the insurance, in the sum of $1,200, alleged that the verified statement of loss was false and fraudulent in asserting that the damage to the property insured was $1,845.75, when it did not exceed $350, and a general verdict of the jury was rendered in favor of the plaintiff for the sum of $500, accompanied by a special verdict as to the value of each item of property insured, showing a total value of $500, such special verdict does not conclusively establish fraud on the part of the insured, and the insurer is not entitled to judgment in his favor thereupon.

Id. — Ground of Judgment upon Special Verdict — Inconsistency with General Verdict. — A judgment can be rendered upon a special verdict only when it is inconsistent with the general verdict; and a motion therefor cannot be granted on any other ground than the one specified in the code, but must be denied, where no such inconsistency appears.

Id. — Overestimate of Property — Motion for Judgment upon Special Verdict. — Whether or not an overestimate of the property in the verified statement of loss vitiated the policy of insurance is a question not involved in a motion for judgment for the defendant upon a special verdict, finding the value at a less amount than the plaintiff's estimate.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*T. C. Van Ness*, for Appellant.

If the insured, with a view to obtaining from the defendant company a larger amount than was justly due him, intentionally overstated the value of the property or the amount of the loss, he is within the stipulation contained in the policy. (*Claflin* v. *Ins. Co.*, 110 U. S. 81; *Doloff* v. *Ins. Co.*, 19 Ins. L. J. 450; *Sternfield* v. *Park Fire Ins. Co.*, 50 Hun, 262; *Sleeper* v. *Ins. Co.*, 56 N. H. 401; *Hansen* v. *American Ins. Co.*, 57 Iowa, 741; *Sibley* v. *Ins. Co.*, 9 Biss. 31.) And the same result follows if there was a false estimate, even although there was no actual intention to defraud. (*Claflin* v. *Ins. Co.*, 110 U. S. 81; *Doloff* v. *Ins. Co.*, 19 Ins. L. J. 450; *Leach* v. *Republic Fire Ins. Co.*, 58 N. H. 245.) Where the difference between the amount claimed by the insured as lost and that allowed by the jury is so great as to raise an inference of fraud, the judgment should go for the defendant. (*Wall* v. *Howard Ins. Co.*, 51 Me. 32; *Harris* v. *Waterloo Mut. Fire Ins. Co.*, 10 Ont. 718; *Langley* v. *Northern Ins. Co.*, 3 Russ. & C. (Nova Scotia) 516; *Sternfield* v. *Park Fire Ins. Co*, 50 Hun, 262; *Furlong* v. *Agricultural Ins. Co.*, 18 N. Y. Sup. Ct. 844; *Leach* v. *Republic Fire Ins. Co.*, 58 N. H. 245; *Claflin* v. *Ins. Co.*, 110 U. S. 81; *Doloff* v. *Ins. Co.*, 19 Ins. L. J. 450.)

*H. W. Philbrook*, and *Otto tum Suden*, for Respondent.

Before an assured can be deprived of the benefits of an insurance policy after a loss, on the plea of false swearing, it must be shown not only that the assured made the false statements, but also that he knew that the statements were false. (*Clark* v. *Phœnix Ins. Co.*, 36 Cal. 168; *Helbing* v. *Svea Ins. Co.*, 54 Cal. 157; 35 Am. Rep. 72.) The mere fact that an assured overestimated the amount of his loss is not proof that he knowingly made a false statement. (*Wheaton* v. *Ins. Co.*, 76 Cal. 422; 9 Am. St. Rep. 216.)

SHARPSTEIN, J. — This appeal is from a judgment re-covered by the plaintiff against the defendant in an action upon a policy of insurance, issued by defendant to plaintiff, against loss or damage by fire of certain property, to wit, six hundred dollars on household fur-niture, useful and ornamental, four hundred dollars on pictures, paintings, and fire-screens, and two hundred dollars on wearing apparel of self and family, — an amount not exceeding twelve hundred dollars.   One provision of the policy is, that it shall be void " in case of any fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after loss."

Defendant, in its answer, denied that plaintiff on his part performed all the conditions of said policy, and fur-ther answering, alleged, that subsequent to the fire, and prior to the commencement of this action, plaintiff pre-sented to defendant a written statement, subscribed and sworn to, in which he asserted that the damage by the fire to the property insured was $1,845.75, and thereupon demanded payment of the sum of $1,200, the full amount for which said property was insured by defendant.   And defendant alleged that said statement was false and fraudulent, in that the damage to said property by said fire did not exceed the sum of $350.   On the trial, the plaintiff, in his own behalf, testified that the property insured and lost by the fire was of the value of two thou-sand dollars.   Defendant introduced evidence which tended to prove that the value thereof did not exceed $350.

The court instructed the jury that if they should ren-der a verdict in favor of the plaintiff, then they should find upon the following particular questions of fact: " 1. At the time of the fire in the complaint alleged, to wit, the fire in the Chenery Street house, what was the cash market value of the furniture in said Chenery Street house?   2. At the time of the fire alleged in the com-plaint, to wit, the fire in the Chenery Street house, what was the cash market value of the pictures, paintings, and

fire-screens in said Chenery Street house? 3. At the time of the fire in the complaint alleged, to wit, the fire in the Chenery Street house, what was the cash market value of the wearing apparel in said Chenery Street house?" The jury returned a general verdict in favor of the plaintiff for five hundred dollars.

In addition to the general verdict, the jury answered the interrogatories propounded to them, as above stated, as follows: "1. At the time of the fire in the complaint alleged, to wit, the fire in the Chenery Street house, what was the cash market value of the household furniture in said Chenery Street house? Answer, $250. 2. At the time of the fire in the complaint alleged, to wit, the fire in the Chenery Street house, what was the cash market value of the pictures, paintings, and fire-screens in said Chenery Street house? Answer, $150. 3. At the time of the fire in the complaint alleged, to wit, the fire in the Chenery Street house, what was the cash market value of the wearing apparel in the Chenery Street house? Answer, $100."

Immediately upon the entry of the general and special verdicts of the jury, defendant moved the court for judgment for defendant, on the ground that the verdict conclusively finds fraud upon the part of plaintiff, which was not granted, and judgment was entered for the sum of five hundred dollars.

The code provides: "Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly." (Code Civ. Proc., sec. 625.) This proceeding is not authorized in any other case; and the general and special verdicts in this case are entirely consistent. The special verdict finds the total value of the property insured and destroyed to be the sum of five hundred dollars, and the general verdict is for that sum. If in their special verdict the jury had found the value of the property to be less than five hundred dollars, and had rendered a general verdict for that or a greater sum, it would as clearly be within the provision above quoted

as it now as clearly is not.   All that can now be said is, that the jury found that plaintiff's loss was not so great as he represented it to be.   That was favorable to the defendant.   We think that finding was not conclusively a finding of fraud on the part of the plaintiff.   Standing alone, it shows that he overestimated his property. Whether or not that vitiated the policy of insurance was a question not involved in the motion for judgment for the defendant upon the verdict.   That motion, as we have before stated, could not be granted on any other ground than the one specified in the code, viz., inconsistency between the general and special verdicts.   The motion was properly denied.

Judgment affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.