[L. A. No. 3644.   Department Two.—September 29, 1914.]

In the Matter of the Estate of JOHN WEIR, Deceased. PETER WEIR, Appellant, v. JOHN SEILER, Respondent.

ESTATE OF DECEASED PERSONS—CONTEST OF ALLOWED CLAIM—TRIAL BY JURY—GROUND OF CONTEST—ISSUE RAISED AS TO VALUE AND LEGALITY OF ITEMS OF CLAIM.—On a contest tried before a jury, as provided by section 1636 of the Code of Civil Procedure, of an allowed claim against the estate of a deceased person, which as presented and allowed consisted of several specified amounts claimed to be due for various items of materials furnished and services rendered, a ground of contest that the "claim is not a proper or legal claim against the estate," puts in issue, in the absence of a demurrer to the contest, or other objection to its sufficiency, both the value and the legality of the various items of the claim.

ID.—GENERAL AND SPECIAL VERDICTS—CONSISTENCY AS TO AMOUNT AWARDED—ERRONEOUS ORDER FOR JUDGMENT IN FULL AMOUNT CLAIMED.—Where there is no inconsistency between the general and special verdicts of the jury as to the amount awarded by them to the claimant, which was less than the face of the claim, it is error for the court to grant a motion of the claimant for judgment for the full amount claimed, on the theory that the value of the several items were not in issue.

ID.—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDING OF VALUE—APPEAL —STIPULATION LIMITING QUESTIONS TO BE CONSIDERED.—On an appeal from the order granting such motion and from the judgment, the question of the sufficiency of the evidence to support the jury's findings of value will not be considered, where the parties to the contest had stipulated that the motion was to be heard only upon the record consisting of the claim, the contest thereto and the general and special verdicts.

ID.—COSTS—ABSENCE OF ASSIGNMENT OF ERROR—DELAY IN SERVING
COST-BILL.—Where there is no assignment of error in the taxation
of costs presented by the record on appeal, the appellate court will
not review error claimed to consist in the service and filing of the
bill of costs after the time allowed by the statute.

APPEAL from an order of the Superior Court of San Luis
Obispo County·granting a motion for judgment upon a special
verdict of a jury, on the ground that it was inconsistent with
the general verdict, and from the judgment. E. P. Unangst,
Judge.

The facts are stated in the opinion of the court.

Lamy & Putnam, for Appellant.

Alex Webster, and A. E. Campbell, for Respondent.

MELVIN, J.—John Seiler filed a claim for $1305.68 against
the estate of John Weir, deceased. The items were six hun-
dred dollars, board and lodging for two years; four hundred
and eighty dollars for nursing, sewing, and mending for a
like period, and $225.68 for goods, money, material, and labor
furnished. The claim was allowed by the administrator of
John Weir's estate and approved by the judge of the probate
court. Peter Weir, a brother of the decedent, filed a contest
which was tried according to the provisions of section 1636
of the Code of Civil Procedure. The questions of fact were
presented to a jury and general and special verdicts were
returned. The general verdict was in favor of the claimant,
John Seiler, for $765.68. By the special verdict the jury
answered "yes" to four questions by which the jurors were
required to determine whether or not the claimant had fur-
nished the sort of service, material, etc., demanded by him.
To questions regarding the value of the things for which pay-
ment was demanded the jury replied that the board and lodg-
ing for two years was worth twelve dollars and fifty cents per
month; nursing and mending ten dollars per month; goods,
materials, money and merchandise, $117.95; work and labor,
$107.73. The aggregate of these items is $765.68, the amount
of the general verdict. The court received and filed the ver-
dicts and caused them to be entered upon the minutes of the
court, but it appearing to the court that the special verdict

was inconsistent with the general verdict and that upon the special verdict John Seiler was entitled to judgment for the full amount demanded, such a judgment was entered for $1305.68, together with costs and disbursements to the amount of $133.30. The judgment was entered some days after the trial and reception of the verdicts and after motion of the claimant's counsel for such a judgment, which, by stipulation, was heard "only upon the record consisting of said Seiler's claim, the contest thereto, the general verdict and the special verdict." This appeal is from the order granting said motion and from the judgment.

It is apparent that the inconsistency between the general and special verdict, asserted by the claimant's counsel and found by the court, is not one of arithmetic. Both respondent and the court evidently held the opinion that the *value* of the items of Seiler's claim was not in issue, but that their *validity* was and that the finding that the estate owed the claimant for the services, materials, etc., for which payment was sought left the court no alternative except the entry of judgment for the amount demanded.

The only grounds of contest urged by Peter Weir were the following:

"1. That said claim was erroneously and inadvertently allowed by said administrator and by the judge of this court.

"2. That said claim is not a proper or legal claim against the said estate, or against decedent.

"3. That if said alleged board and lodging, nursing, labor and materials were, or either of them was furnished at all, the same were paid and discharged by decedent during his lifetime."

The amount, if any, due to the claimant from the estate could not be in issue under the first or the third grounds of contest, but appellant insists that the second ground did make issuable the *value* of the services, advances, goods, etc., for which Seiler demanded payment. Doubtless that was the theory of both litigants and of the court at the trial. There was no demurrer to the contest. The questions framed for and answered by the jury involved the very matter which the court afterwards held not to be in issue. The form of the questions and the answers in the special verdict may be perfectly illustrated by quotation of the first two which were as follows:

"1. Did John Seiler furnish board and lodging to John Weir for the two years ending February 13, 1912?

"A. Yes.

"2. If your answer to the above question is 'yes,' then state what the value of said board and lodging was.

"A. $12.50 per month."

It would be most unjust to deprive contestant of the fruits of his victory after a trial in which the value of the items of Seiler's account had been treated as issuable by everyone concerned. While the allegation that the claim was not a "proper or legal claim against the said estate" is not a model of pleading, we hold that in the absence of demurrer or any other objection it was sufficient to put in issue the value of the various elements of the claim filed by Seiler. There was no motion to strike out the findings of value as not being supported by the evidence. The general and special verdicts are in harmony on the amount awarded. Therefore we must assume that they were supported by the evidence. There was no inconsistency between the verdicts and the court erred in granting the motion on that ground. (*Irrgang* v. *Ott*, 9 Cal. App. 441, [99 Pac. 528]; *Obersteller* v. *Commercial Assurance Co.*, 96 Cal. 647, [31 Pac. 587].)

In respondent's brief occurs the statement that "no evidence was introduced by contestant Weir" as to the values of the services rendered and board and lodging furnished. This is denied by appellant. Both statements must be ignored by this court in view of the stipulation of the parties to the contest regarding the matters to be considered on the motion. These were "Seiler's claim, the contest thereto, the general verdict and the special verdict."

The record shows that the bill of costs was not served and filed within five days after the verdict as required by section 1033 of the Code of Civil Procedure, but as there is no assignment of error in the taxation of costs presented by the record before us we may not review that matter.

The judgment should be modified by striking out the paragraph thereof in which the court expresses the view that the special findings are inconsistent with the general verdict and by awarding $765.68 on respondent's claim instead of $1305.68. In other respects the judgment should stand affirmed and it is so ordered.

Lorigan, J., and Henshaw, J., concurred.