**AMERICAN HOME FIRE ASSUR. CO. et al.
v. JUNEAU STORE CO.**

**JUNEAU STORE CO. v. AMERICAN HOME
FIRE ASSUR. CO. et al.**

**Nos. 5387, 5390.**

Circuit Court of Appeals, Seventh Circuit.

July 19, 1935.

Loomis & Roswell, of Mauston, Wis., and Rubin & Zabel, of Milwaukee, Wis. (W. B. Rubin, of Milwaukee, Wis., and Orland S. Loomis, of Mauston, Wis., of counsel), for Juneau Store Co.

W. H. Farnsworth and Daniel H. Grady, both of Portage, Wis., for American Home Fire Assur. Co.

Before EVANS, FITZHENRY, and ALSCHULER, Circuit Judges.

The Juneau Store Company, hereinafter called appellee, brought this action against the American Home Fire Assurance Company and six other insurance companies (hereinafter called appellants) to recover $45,000 due on policies of insurance written by them and covering a stock of merchandise owned by appellee, which was destroyed by fire on February 21, 1933. The total insurance was $56,000, but appellee recovered $11,000 from two Wisconsin insurance companies after trial and judgment in a Wisconsin court.

Appellants' principal defense was predicated upon the provisions of the Wisconsin Standard Fire Insurance Policy, which read as follows:

"This entire policy shall be void if the insured has with intent to deceive, concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or if the matter misrepresented increased the risk or contributed to any loss; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Appellee's sworn proof showed a $72,-882.43 loss (corrected total) of which $26,-162.84 covered groceries and $46,125.87, dry goods. The loss was a total one. The jury found the value of the goods destroyed was $33,000.

At the close of the trial appellee moved for a directed verdict which was denied, and upon the rendition of the verdict in appellee's favor, appellants moved for judgment notwithstanding, or upon the verdict, or upon the verdict less the amount of the state court judgment. Appellee moved for judgment for $45,000, and in case such motion was not granted it moved to raise the amount of damage, as determined by the verdict, to $45,000. In disposing of the case, the judge said:

"I have had this case in mind ever since we tried it—thought it over considerably—and it is difficult for me to make up my mind from the fact that the plaintiffs were pretty close to what the Court would deem false swearing. Nevertheless, the jury has found that they were not, although the finding as to the value of the property is perhaps by implication a finding of false swearing. However, the issues involved were jury questions. I am going to let the verdict stand, and plaintiff may have judgment for forty-five fifty-sixths (45/56) of the $33,000.00. Counsel may prepare the proposed judgment and submit it to the defendants' counsel, and then present it to the Court."

He subsequently directed the entry of the judgment for appellee for 45/56ths of $33,000 with interest and costs. Judgment was thereupon entered for said amount, and both parties appealed.

EVANS, Circuit Judge.

An elaborate statement of facts is rendered unnecessary because of our conclusion respecting one of appellants' contentions.

Does the verdict of the jury permit appellee to recover thereon? Stated differ-

ently, Was the jury's verdict inconsistent? The answer to this question in appellants' favor is decisive of the case.

It is appellants' argument that, where the sworn proof of loss shows an aggregate fire damage of approximately $73,000 and the verdict of the jury fixes the fire loss at $33,000, the jury could not find other than that false and fraudulent proofs of loss were made.

Appellee, on the other hand, argues that the findings can and should be reconciled. It first contends that the evidence was such that there existed no support for a finding which fixed the damage as low as $33,000. It also argues that though the loss was fixed at only $33,000, the court cannot say, as a matter of law, that the difference between it and appellee's sworn statement of $73,000 conclusively established the presentation of a false and fraudulent statement.

Innumerable cases may be cited to support[1] and an equal number to oppose[2] appellants' position. Each case is somewhat distinguishable from the instant case, and it is the different fact situations which account for the varying conclusions. The principles of law applicable are not doubtful nor difficult of statement. Our trouble has arisen over the application of the rule to the facts of this case. We would have no difficulty in accepting the views expressed in Wiesman v. American Insurance Company, 184 Wis. 523, 199 N. W. 55, 200 N. W. 304, if the record before us showed any possible basis for the discrepancy in values through difference of opinion as to value.

To illustrate, if the property destroyed were a dwelling house and the opinion evidence as to value varied one hundred or even two hundred per cent., it would still be possible to reconcile the larger and the smaller estimates without attributing false swearing to the claimant who made demand for the larger sum. Likewise, where the inventory consists of a stock of merchandise, some of which was old and some of which consisted of old styles, there would exist a basis for a wide difference of opinion as to value. In the present case, however, there is no such basis to explain the difference in the amount claimed in the proof of loss and the amount found by the jury as the loss sustained.

Appellants directly challenged the accuracy of appellee's inventory. They charge that the same was padded and that false and forged entries were made on the books of the wholesale house from which the merchandise was purchased and in which the principal owner of appellee was directly interested.

They attack the accuracy of the inventory rather than the value of the articles appearing in the inventory. True, there is a slight difference which might be traceable to value, but such items are inconsequential in accounting for the difference of $40,000. And there is no escaping the conclusion that if invoices were padded, if false book entries were made, Jake Marachowsky, the president of appellee, knew it.

In disposing of this case every possible effort has been made to reconcile the two findings of the jury. Appellee carried $56,000 of insurance upon which it paid premiums which the insurance companies accepted. A fire occurred while the policies were in force, and appellee suffered a total loss of its stock of merchandise. The liability of the insurers thereupon became fixed. Its existence is not disputed.

---

[1] Cases holding discrepancy in amount claimed in proof of loss and in verdict to be evidence of fraud, necessitating a new trial, are: Furlong v. Agricultural Ins. Co., 64 Hun, 632, 18 N. Y. S. 844 (1892); Sternfeld v. Park Fire Ins. Co., 50 Hun, 262, 2 N. Y. S. 766 (1888); Wall v. Howard Ins. Co., 51 Me. 32; Rovinsky v. North. Assur. Co., 100 Me. 112, 60 A. 1025; Pottle v. Liverpool & London & Globe Ins. Co., 108 Me. 401, 81 A. 481; Anibal v. Ins. Co. of N. A., 84 App. Div. 634, 82 N. Y. S. 600; Wunderlich v. Palatine Fire Ins. Co., 104 Wis. 382, 80 N. W. 467; Hiller v. Ins. Co. of N. A., 125 La. 938, 52 So. 104, 32 L. R. A. (N. S.) 453; Cuetara Hermanos v. Royal Exchange Assur. Co. (C. C. A.) 23 F.(2d) 270.

[2] Contra: Wiesman v. Amer. Ins. Co., 184 Wis. 523, 199 N. W. 55, 200 N. W. 304; Goldstein v. St. Paul Fire & Marine Ins. Co., 124 Iowa, 143, 99 N. W. 696; Commercial Ins. Co. v. Friedlander, 156 Ill. 595, at page 597, 41 N. E. 183; Rasmusson v. North Coast Fire Ins. Co., 83 Wash. 569, 145 P. 610, L. R. A. 1915C, 1179; Davis v. Guardian Assur. Co., 87 Hun, 414, 34 N. Y. S. 332 (1895); Gerhauser v. North British & Mercantile Ins. Co., 7 Nev. 174, at page 187 (1871); Moore v. Protection Ins. Co., 29 Me. 97, at page 103, 48 Am. Dec. 514 (1850); Citizens' Fire & Marine Ins. Co. v. Short, 62 Ind. 316 (1878); Williams v. Phœnix Fire Ins. Co., 61 Me. 67, at page 68 (1871); Obersteller v. Commercial Assur. Co., 96 Cal. 645, 31 P. 587 (1892).

Avoidance of that liability, however, is sought because of the insured's subsequent action. In other words the insurers ask the court to declare a forfeiture. They are endeavoring to penalize the insured. Naturally a court or a jury is reluctant to do so. Only evidence most clear and satisfactory and which makes it imperative that we do so will satisfy us.

On the other hand, responsibility cannot, or at least should not be avoided, because of a desire to see an insured who has suffered a loss collect his insurance. The applicable principle of law is clear. The section of the Wisconsin Standard Fire Insurance Policy, which is here invoked, has been construed in Meyer v. Home Ins. Co., 127 Wis. 293, 106 N. W. 1087.

Under the Wisconsin Standard Fire Insurance Policy, the insured, if he suffers a loss, must honestly state, under oath, the extent of his loss and give this information to the insurer. He must not make false proofs of loss with intent to defraud the insurer. Although the penalty is heavy and seemingly harsh, it is one way of stopping the presentation of false, fictitious or inflated claims. False and exaggerated claims seemingly go hand in hand with incendiarism. The court should therefore unhesitatingly act to prevent attempted frauds on the part of the insured.

In reaching a conclusion in this case, three facts are not only of controlling importance, but they are inescapable. (a) Appellee's proof of loss set forth a claim showing damages of $73,000 resulting from the fire. (b) The jury found this same loss to be $33,000. (c) The jury found the insured did not falsely state the amount of the loss with the intent to defraud the insurer.

In an effort to reconcile the verdict, we cannot change the facts nor assume that the jury reached a compromise verdict. We must accept its findings as verities. The actual loss was $33,000. There was evidence which, viewed most favorably to appellants, supported such a finding. Likewise, we must assume, as the jury found, that appellee did not make false and fraudulent proofs of loss. There was evidence which construed most favorably to appellee would support this finding. Giving these two findings their full weight and significance, which we are required to do, we confess our inability to reconcile them. In other words, the verdict is inconsistent and will not support a judgment for or against appellee. The facts in the case of Juneau Store Co. v. Badger Mutual Fire Insurance Co. (Wis.) 257 N. W. 144, are readily distinguishable from the facts in this case. There, the jury found the loss was $69,519.23. Such a sum is not out of line with the amount set forth in the proof of loss, to-wit, $73,-000. No doubt the evidence presented on the two trials was not the same. The finding of $69,519.23 in that case, however significant, has no controlling influence on this case. It is mentioned only to show that the judgment affirmed by the Wisconsin Supreme Court in that case was upon a different verdict than is presented to us.

It is unnecessary to discuss the questions raised by Juneau Company on its appeal. The evidence does not permit us to raise the amount found by the jury, nor to enter a judgment for a larger sum than $33,000. As the verdict does not warrant a judgment in appellee's favor or a dismissal of the action, there must be a reversal and a new trial ordered.

The judgment is reversed with directions to grant a new trial.

