Margaret TAYLOR, Plaintiff-Appellant,

v.

Alvin C. BENNETT and L. C. Bennett, Defendants-Appellees.

Margaret TAYLOR, Plaintiff-Appellee,

v.

L. C. BENNETT, Defendant-Appellant.

Nos. 14132, 14133.

United States Court of Appeals Seventh Circuit.

Oct. 7, 1963.

L. Louis Karton, Chicago, Ill., Robert J. Joling, Kenosha, Wis., Jack L. Sachs, Chicago, Ill., for Taylor.

Robert O. Duffy, Chicago, Ill., Beverly & Pause, Chicago, Ill., Robert O. Duffy, Chicago, Ill., of counsel, for defendants-appellees and for separate appellant.

Before SCHNACKENBERG, CASTLE, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Margaret Taylor brought this diversity action against Alvin C. Bennett, a minor, and his father, L. C. Bennett, to recover damages for injuries alleged to have resulted from the negligence of Alvin C. Bennett in driving an automobile that struck the rear of the car in which plaintiff was a passenger. The jury returned a verdict for plaintiff against both defendants and assessed her damages at $6,000, upon which the district court entered judgment.

Plaintiff has appealed on the grounds that the district court erred in refusing to grant her motion for a new trial because of gross inadequacy of the verdict and in refusing to permit the use of anatomical charts to aid a medical witness in explaining plaintiff's injuries. Defendant L. C. Bennett has cross-appealed, asserting the court erred in refusing to grant his motion for a directed verdict.

The significant facts are summarized below. Plaintiff was a passenger in an automobile owned and operated by Mary Nefzger on January 23, 1959. The car had stopped at a stop sign at the intersection of Illinois state routes 173 and 131 when it was struck in the rear by a car owned by L. C. Bennett and driven by defendant Alvin C. Bennett, his seventeen year old son.

The impact pushed the Nefzger car into the intersection. Plaintiff testified that her body was snapped back and forth and her neck snapped back. There was a slight dent on the rear bumper of the Nefzger car which cost $28.00 to repair. The deputy sheriff testified that he saw no sign of injury at the scene of the accident. He did note, however, that plaintiff complained of pain. After the police left, the Nefzger car proceeded to Zion, Illinois, where plaintiff and the other passengers in the car were employed. Plaintiff worked a few hours when she complained of a swollen neck and pain. She left work. The next day she saw her family physician who treated her for pain in her neck. There is evidence that she also complained of pain in the low back but the doctor noted in his report that at least part of the low back pain existed prior to the accident.

On February 14, 1959, plaintiff entered the Kenosha hospital where she was treated by Dr. Sattler, an orthopedic surgeon. It was his diagnosis that she sustained a whiplash injury to her neck and a low back strain. She remained in the hospital until March 4, 1959. Dr. Sattler continued to treat her at home. She returned to work in November for approximately three weeks but was unable to continue working because of pain.

She was involved in a "minor" traffic accident in November of 1959, scraping a fender of her car.

On November 29, 1959, she returned to Kenosha hospital and a spine fusion operation was performed. She was released on January 4, 1960.

She returned to work October 1, 1960. At the time of the trial she had no pain in the neck or cervical spine but she still complained of pain in the small of the back. Plaintiff testified that before the accident she was physically active and had no trouble with her back. She had an operation in 1958 for female trouble which had caused pain in the lower abdomen but no back ache.

Dr. Schlenker, an orthopedic surgeon, who examined plaintiff in February, 1960 and again in November, 1962 testified that it was his opinion that plaintiff still had residual low back pains and that the accident in January, 1959 was a

"competent producing cause of the lumbar spine injuries."

Plaintiff contends that the $6,000 verdict awarded by the jury should be set aside and a new trial granted because the amount does not equal the proven damages and does not meet the legal requirement of adequacy. Plaintiff introduced medical and hospital bills totaling $2,067. She estimated that her loss of earnings for this period was $6,341.20. Plaintiff claims that the verdict did not allow for "lost wages and specials" or for permanent pain and suffering.

■ Appellate courts will review the adequacy of damages only in cases where the jury awards nominal damages, that is, where it is apparent that the jury did not attempt to appraise plaintiff's loss at all, or where the verdict is less than the amount of *undisputed* loss. Miller v. Maryland Casualty Co., 40 F.2d 463 (2d Cir., 1930).

It is clear from the record that the question whether the January, 1959 accident was the cause of injury to plaintiff's lower back was disputed throughout the trial. Thus, a fact question was presented for the jury to determine.

We find nothing in the evidence that indicates the jury awarded damages in an amount "substantially less than was unquestionably proven by plaintiff's uncontradicted and undisputed evidence." Schaeper v. Edwards, 306 F.2d 175, 177 (6th Cir., 1962).

■ It was within the discretion of the trial court to grant or deny the motion for a new trial on the question of the adequacy of plaintiff's damages. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439 (1933). We hold that the trial court did not abuse its discretion in denying the motion.

■ Nor can we agree with plaintiff that the trial court abused its discretion in refusing to permit the use of anatomical charts to assist a medical witness in explaining plaintiff's injuries. While the use of such explanatory material has been approved as an aid to an understanding by the court and jury of the location and extent of injuries, neither the case law nor the circumstances of this case support plaintiff's contention that the ruling of the court was prejudicial.

L. C. Bennett, the owner of the automobile which was driven by his son, Alvin Bennett, contends on his cross-appeal that the trial court improperly denied his motion for a directed verdict. We agree.

Plaintiff's original theory of liability concerning this defendant was that a principal-agent or master-servant relationship existed between the father and son. The evidence failed to establish this relationship.

The testimony relating to this issue was that the car being driven by Alvin Bennett was owned by his father; that he had permission to use the car in traveling to and from school.

■ It is the general rule in Illinois that the owner of an automobile is not liable for injuries occasioned by the driver's negligence even when it is driven by his minor son, if the trip is for the pleasure or convenience of the son. White v. Seitz, 342 Ill. 266, 174 N.E. 371 (1931); Arkin v. Page, 287 Ill. 420, 123 N.E. 30, 5 A.L.R. 216 (1919).

Plaintiff in effect has conceded that defendant L. C. Bennett's liability, viewing the evidence in light of Illinois decisional law, cannot rest on an agency doctrine.

■ In this appeal plaintiff attempts to assert a new theory of liability: that the father, L. C. Bennett, was negligent in permitting his son to drive a car at a time when he knew that his son was an inexperienced, careless, or reckless driver. This was not the theory of liability when the case was tried. The complaint did not embrace a charge of negligence against the father based on this theory; nor did the trial judge instruct on this theory. Therefore it cannot now be used to sustain the verdict against the father.

The judgment as to Alvin Bennett is affirmed and as against L. C. Bennett is reversed.