Denise ETLING et al., Plaintiffs-
Appellants,

v.

Donald L. SANDER, Defendant-Appellee.

No. 18665.

United States Court of Appeals,
Seventh Circuit.

July 28, 1971.

Fairchild, Circuit Judge, dissented
and filed opinion.

Charles H. Stegmeyer, Karns, Starnes,
Nester & Stegmeyer, Belleville, Ill., for
plaintiffs-appellants.

Charles R. Brady, Michael B. Constance, Brady, Donovan & Hatch, Belleville, Ill., for defendant-appellee.

Before HASTINGS, Senior Circuit
Judge, FAIRCHILD, Circuit Judge and
CAMPBELL, Senior District Judge.*

CAMPBELL, Senior Judge.

Plaintiffs brought this tort case to recover for injuries sustained in an automobile accident. There are four plaintiffs. Denise Etling and Harlan Etling are husband and wife. Shirley Johnson and Lisa Doyea are children of Denise Etling. The accident occurred when the defendant's car apparently slid into plaintiffs' lane of traffic. The defendant had been traveling at approximately 45 miles per hour and, according to his version of the occurrence, was forced to apply his brakes when a car in front of him stopped because a car in front of it was pulling off the road.

The case was tried to a jury. The jury returned verdicts in favor of each plaintiff and against the defendant in the following amounts: Denise Etling, $471.40; Harlan Etling, $882.00; Shirley Johnson, $32.50 and Lisa Doyea, $913.50. Judgment was entered on the verdicts and the plaintiffs were awarded costs.

* Senior Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

Plaintiffs filed a motion for a new trial on the issue of damages on the basis that said verdicts were insufficient to compensate plaintiffs for their out-of-pocket expenses which were causally connected to the accident. The motion was denied. Plaintiffs took this appeal from the trial court's denial of their motion for a new trial on the issue of damages. Essentially their argument in this court is that the verdicts returned by the jury were in certain instances less than the out-of-pocket expenses incurred by the plaintiffs and are therefore insufficient as a matter of law. They also claim that this insufficiency resulted in part because of the trial court's refusal to grant a directed verdict in their behalf at the close of all of the evidence.

■■ First, it was clearly not error for the trial court to refuse to direct a verdict in favor of plaintiffs at the close of all of the evidence. In this circuit we apply the State standard for direction of verdicts in diversity cases. Illinois State Trust Co. v. Terminal Railroad Association of St. Louis, 440 F.2d 497 (7th Cir. 1971). That strict standard is clearly set forth in the opinion of the Illinois Supreme Court in Pedrick v. Peoria and E. R. R., 37 Ill.2d 494, 510, 229 N.E.2d 504, 513 (1967).

"In our judgment verdicts ought to be directed and judgments n. o. v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

More important, by its refusal to grant plaintiffs' motion for a directed verdict at the end of all of the evidence, the trial court submitted the action to the jury subject to a later determination of the legal questions raised by the motion. See Rule 50(b), F.R.Civ.Proc. This is the common practice in federal trial courts. By following this course, the court avoids the need for a second trial if the appellate court should hold, contrary to the view of the trial court, that the evidence was sufficient to raise a jury issue. See Wright, Federal Courts (2d ed.) p. 416.

Separated from the directed verdict question, plaintiffs' argument is simply that a new trial should be ordered because the awards of damages were inadequate. We disagree with this contention also. The limits of our authority on review on this issue have been expressed by Chief Judge Swygert writing for this court in Taylor v. Bennett, 323 F.2d 607, 609 (1963).

"Appellate courts will review the adequacy of damages only in cases where the jury awards nominal damages, that is, where it is apparent that the jury did not attempt to appraise plaintiff's loss at all, or where the verdict is less than the amount of undisputed loss." (Emphasis in original).

As further pointed out by the court in the Taylor opinion, it is within the discretion of the trial court to grant or deny the motion for a new trial on the question of the adequacy of damages, and the decision of the trial court should not be disturbed on appeal except where there is a clear abuse of discretion.

■ In denying the motion for new trial on the issue of damages in this case, the trial court concluded, "Having considered the evidence, including the medical testimony, including plaintiffs' own physicians, this court cannot say that the verdicts of the jury are erroneous." Upon our review of the record in this case, we agree with the conclusion of the trial judge. The damages awarded to each plaintiff, while perhaps low, are more than nominal damages. It is also apparent that the jury made every attempt to appraise plaintiffs' loss. In no case was the verdict less than the amount of undisputed loss. For example, in the case of Harlan Etling, plaintiffs argue that the award to him of $882.00 was less than his proven medical expenses and lost wages. Harlan Etling testified that he paid $489.00 in medical bills. He also testified that he lost two

weeks' earnings amounting to $500.00. However, he also stated that his computation was approximate and that he was not on salary and that his earnings could vary. And, because of the lack of seriousness of his injury and the speculative nature of his earnings, the jury could have readily rejected a substantial part of his alleged lost earnings. The evidence introduced relating to the damages suffered by Denise Etling was also speculative and inconclusive. In her case as well as in the cases of her two children the verdicts were not less than the amount of undisputed loss.

■ The defendant-appellee has also filed a motion for an order compelling the appellants to pay the attorneys' fees and costs incurred in the necessary preparation of an Additional Appendix. In oral argument counsel for the defendant-appellee candidly admitted his own lack of cooperation in the preparation of the Appendix and we therefore deny the motion for attorneys' fees and costs. For the benefit of the bar of this court, however, we stress that the Rules of Appellate Procedure now provide for the filing of a single appendix. Rule 30, F.R.App.Proc. Paragraph (b) of Rule 30 encourages the parties to agree as to the contents of the appendix. And, if they cannot agree they must serve designations on one another. This rule is apparently not followed in many cases coming before this court. For an excellent discussion of the purpose and mechanics of the rule, see Strubbe, "A Lawyer's Guide to the Federal Rules of Appellate Procedure—A Practical Handbook," 3 John Marshall J. of Prac. and Proc. 260, 321–329 (1970).

As Mr. Strubbe points out in his very thorough article, the Court of Appeals for the Second Circuit has criticized counsel in that circuit for failure to comply with the single appendix provision. The admonitions of that court bear repeating in this circuit.

"We wish to record our disapproval of the parties' disregard of the provisions of the Federal Rules of Appellate Procedure. Although Rule 30 does not require that the parties agree on the contents of an appendix, it explicitly requires the filing of a single appendix. The parties chose instead to file an appellant's appendix and an appellee's appendix. Thus, in order to consider a given witness' testimony in this highly technical case, it was necessary for us to jump from one appendix to the other. The rule requiring a single appendix was adopted to facilitate our task of judicial review.

"Appellants also failed to reproduce in their appendix the two pamphlets, Exhibits 5 and 15A, on which they rely to establish a cause of action for breach of express warranty.

"Litigants are advised to consider these remarks as a warning of the possibility of more drastic action by the court in the future." Braniff Airways, Inc. v. Curtiss-Wright Corporation, 411 F.2d 451, 455 (1969).

We trust the bar of our circuit will follow the directives of Rule 30 more closely in the future.

For the reasons stated the judgment appealed from is affirmed.

FAIRCHILD, Circuit Judge (dissenting).

I would reverse and direct a new trial. The jury allowed only special damages for injuries which were virtually undisputed. Those injuries must necessarily have caused pain and suffering. The verdicts were, in my opinion, inadequate as a matter of law because they allowed nothing for those elements of damage. The fact that the jury may have correctly decided that some of plaintiffs were attempting to exaggerate their injuries and properly rejected the excessive parts of their claims, does not justify granting them less than they were truly entitled to.

I do endorse Senior Judge Campbell's comments concerning the too frequent failure of counsel to follow the Federal Rules of Appellate Procedure, printed in the Rules volumes of Title 28, U.S.C.A.