Charisse TAYLOR, Plaintiff,

v.

AIRBORNE FREIGHT CORPORATION d/b/a Airborne Express, Defendant.

No. CIV. A. 98–6313.

United States District Court, E.D. Pennsylvania.

April 24, 2001.

As Amended May 24, 2001.

Brooke C. Madonna, Alan B. Epstein, Thomas D. Rapp, Spector, Gadon and Rosen, P.C., Philadelphia, PA, for Plaintiff.

Sharon M. Erwin, Law Offices of Sharon M. Erwin, LLC, Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

EDUARDO C. ROBRENO, District Judge.

**AND NOW,** this **20th** day of **April, 2001,** it is hereby **ORDERED** that defendant's motion for judgment as a matter of law, for a new trial, and/or to alter or amend

the judgment is **GRANTED** in part and **DENIED** in part.

It is **FURTHER ORDERED** that plaintiff's motion for a new trial and for reinstatement is **DENIED**. In accordance with this Order, a new trial on liability only shall be held as soon as is practicable. The court's Order is based on the following reasoning:

Following a three day trial, a jury found that defendant Airborne Express had discriminated against plaintiff Charisse Taylor, its former employee, on the basis of her gender, but not her race, and awarded her $1,200.00 in damages. Before the court are the post-trial motions of the parties. Defendant seeks a judgment as a matter of law, or in the alternative either a new trial or to alter or amend the judgment. Plaintiff requests a new trial on the issue of damages and an order directing defendant to reinstate her. For the reasons stated below, defendant's motion is granted in part and denied in part, and plaintiff's motion is denied.

Plaintiff worked as a "casual" driver for defendant, which provides door-to-door pickup and delivery of packages and documents throughout the United States. A casual driver is essentially a part-time employee who fills in when regular drivers are on vacation or otherwise unable to work. Under the terms of a collective bargaining agreement, a casual driver becomes a regular full-time driver after working a total of 120 days as a casual driver. Plaintiff began working for defendant in February, 1996, and gradually increased the number of days per month that she worked for defendant. In July, 1996, plaintiff worked 17 days. The following month, however, plaintiff was "cleared" from the list of casual drivers by defendant, meaning that she was effectively terminated. Despite her termination, plaintiff worked an additional two days after she was cleared, and was never actually notified by defendant that she had in fact been cleared. *See* Trial Tr. (10/4/00) at 81.

Defendant asserted at trial that it fired plaintiff because she was difficult to contact and thus unreliable as a casual driver. In support of its position, defendant offered evidence that plaintiff gave defendant a total of six different telephone numbers where she could be reached and that several of those numbers were disconnected for some time during the course of her employment. In addition, three of plaintiff's supervisors testified that she was very difficult to reach, and emphasized that the time-sensitive nature of defendant's business required that defendant's supervisors be able to contact its casual drivers without delay in order to meet delivery schedules when regular drivers were absent.

■ Defendant first contends that plaintiff failed to establish her prima facie case, because she did not show that she was "qualified" for the job of casual driver. In defendant's view, her lack of availability rendered her unqualified for the position. This argument misconstrues the "qualification" requirement of plaintiff's prima facie case. Plaintiff's availability, or lack thereof, speaks to plaintiff's performance on the job, rather than her qualifications for it.[1] Defendant's argument impermissibly conflates its stated reason for firing plaintiff with the prima facie requirement that she be qualified for the job. Therefore, the court finds that plaintiff was qualified for the job of casual driver, and that plaintiff met her burden of establishing her prima facie case.

1. For example, in this case, plaintiff would have been "unqualified" for the job of casual driver if she did not possess a commercial driver's license.

■ Defendant also argues that it is entitled to judgment as a matter of law because plaintiff failed to set forth sufficient evidence so that a reasonable jury could find that discrimination was the real reason for her discharge, rather than defendant's stated non-discriminatory reason, plaintiff's lack of availability. At trial, plaintiff attempted to show that there were such inconsistencies, implausibilities, and contradictions in defendant's stated reason that it was not worthy of belief. *See Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1109 (3d Cir.1997). One of plaintiff's supervisors testified that casuals were encouraged to give as many contact numbers as possible. *See* Trial Tr. (10/3/00) at 83. A fellow causal driver stated that at the time that he was working as a casual, he gave his supervisors "any number I had." *See* Trial Tr. (10/3/00) at 166. Plaintiff testified that she returned all of the phone calls that she received where a message was left, and that she was never made aware by defendant of any unanswered call. *See* Trial Tr. (10/4/00) at 70–71. In addition, plaintiff testified that she called in every day, and even went to defendant's facility numerous times without any guarantee of work being available on the chance that the need for her services would arise. *See id.* at 72–73. One of plaintiff's colleagues recalled an instance where plaintiff called in and one of her supervisors told her that there was no work available. When the same supervisor got another call five minutes later, he told the second caller that there was work and that the caller should come in. *See* Trial Tr. (10/3/00) at 168–70.

Plaintiff also introduced a calendar noting the days that she actually worked a shift for defendant. *See* Pl.'s Ex. 10. The calendar showed that she worked 17 days, the most of any month in which she worked for defendant, in July, 1996, the month before she was fired. In August, 1996, plaintiff worked four days before August 13, the date that defendant claims she was fired. On those four days, defendant's phone records do not show that plaintiff was called, thus suggesting that plaintiff actively sought out the work. *See* Trial Tr. (10/5/00) at 68–69. Therefore, the jury heard sufficient evidence upon which it could reasonably find that defendant's stated reason for firing plaintiff was not worthy of belief.

■ To support a jury finding of intentional discrimination, a plaintiff need not offer any additional independent evidence of discrimination beyond the prima facie case and sufficient evidence upon which a jury could reasonably reject an employer's explanation for its actions to defeat a motion for a judgment as a matter of law. *See Reeves v. Sanderson Plumbing Products, Inc.* 530 U.S. 133, 149, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (abrogating those cases requiring independent evidence of discrimination beyond "a prima facie case and sufficient evidence to reject the employer's explanation"). Although the Supreme Court's holding in *Reeves* does not require the court to deny the motion without further consideration of the sufficiency of the evidence set forth by plaintiff, this is not a case where, for example, "the record conclusively reveal[s] some other nondiscriminatory reason for the employer's decision" or "there is abundant and uncontroverted evidence that no discrimination [ ] occurred." *Id.* at 148, 120 S.Ct. 2097. Accordingly, the court finds that there was sufficient evidence for the jury to reasonably determine that defendant intentionally discriminated against plaintiff on the basis of her gender.[2]

2. Because the court finds that defendant is    not entitled to judgment as a matter of law, it

■ Defendant also contends that it is entitled to a new trial because the jury's finding that defendant discriminated against plaintiff on the basis of her gender but not her race is not supported by any evidence, thus rendering the jury's verdict inconsistent. Under Rule 59(a) of the Federal Rules of Civil Procedure, a court may grant a new trial when "the verdict is inconsistent and 'reflects confusion on the part of the jury ....'" *Walton v. City of Philadelphia*, No. CIV.A. 97–5203, 1998 WL 633676, at *2 (E.D.Pa. Aug.17, 1998), *aff'd* 182 F.3d 905 (3d Cir.1999) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* §§ 59.13(1), 59.13[2][f][ii][A] ). The only evidence heard by the jury that conceivably suggested a gender-based animus, but not a racial-based animus, were statistics indicating that there were 7–8 African–Americans among the 80 full-time drivers employed by defendant during the time that plaintiff was employed, but no females in that same pool of full-time drivers. *See* Trial Tr. (10/3/00) at 56. In other words, absent the statistical evidence, the quantum of proof of discrimination on the basis of race and gender was identical. Defendant had demanded an offer of proof from plaintiff to support plaintiff's pattern and practice claim, *see id.* (10/2/01) at 2, but did not object when these statistics were offered at trial, *see id.* (10/3/01) at 56. Later in the trial, however, the court instructed the jury that:

> [Y]ou may not consider the evidence concerning the hiring practices and other personnel practices for the purpose of establishing the fact that Airborne

Freight engaged in any particular course of conduct in connection with clearing Ms. Taylor from the list of casual drivers in this case.

*See id.* (10/4/01) at 34. The court gave a substantially similar instruction again during its charge to the jury. *See id.* (10/6/01) at 68.

The court finds that the jury's verdict is "inconsistent," *Walton*, 1998 WL 633676, at *2 (stating that a court may grant a new trial where the verdict is: (1) inconsistent; and (2) reflects confusion one the part of the jury), because there was no evidence that the jury was permitted to consider that raised an inference that defendant discriminated against plaintiff on the basis of her gender but not her race.[3] In other words, the only possible explanation for the jury's verdict that defendant discriminated against plaintiff on the basis of her gender but not her race is that the jury improperly considered the statistical evidence concerning the number of female and African–American drivers employed by defendant in determining whether defendant discriminated against plaintiff despite the court's instructions to the contrary. Given the verdict, the jury must have been confused, *see id.*, despite the court's repeated instructions, about its ability to consider the statistical evidence in determining whether defendant discriminated against plaintiff. Accordingly, defendant is entitled to a new trial.[4]

■ Plaintiff contends that she is entitled to a new trial on the issue of damages. In plaintiff's view, the evidence presented

---

declines to alter or amend the judgment pursuant to Rule 59(a) of the Federal Rule of Civil Procedure.

**3.** For example, there was no evidence of any "stray remarks" suggesting that any of defendant's employees had a bias against women.

**4.** The court's determination that defendant is entitled to a new trial but not a judgment of a matter of law is not inconsistent or otherwise inappropriate. *See Wagner by Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir.1995) ("[A] new trial may be granted even when judgment as a matter of law is inappropriate.").

at trial supported a minimum back pay award of approximately $28,405, *see* Trial Tr. (10/6/00) at 27, considerably more than the jury's award of $1,200. The court finds that plaintiff is not entitled to a new trial on the issue of damages because jury's damages award is not "substantially less than was unquestionably proven by plaintiff's uncontradicted and undisputed evidence." *Semper v. Santos,* 845 F.2d 1233, 1236 (citing *Taylor v. Bennett,* 323 F.2d 607, 609 (7th Cir.1963)). The jury could have found that plaintiff's claim that she was calling into work or stopping by regularly between September and December, 1996, *see* Trial Tr. (10/4/00) at 78–79, was not credible, and instead credited the testimony of plaintiff's supervisor, John Harrison, who testified that she did not call in or stop by during this time.[5] *See* Trial Tr. (10/5/00) at 23–24. In addition, it was uncontested that plaintiff's commercial driver's license was suspended for almost two years. Harrison testified that such a suspension would have led to her immediate termination. *See* Trial Tr. (10/4/00) at 88–89. Finally, defendant presented evidence that plaintiff held a number of jobs in which her actual term of employment was relatively short: all were less than one year, and most were less than six months. *See id.* at 90–95, 128–30; Trial Tr. (10/5/00) at 21. From this evidence, the jury could have concluded that it was unlikely that plaintiff would have continued working for defendant for an extended period of time. Accordingly, plaintiff's motion for a new trial with respect to damages is denied.[6]

---

5. Defendant points to evidence showing that a number of plaintiff's statements made during the course of her testimony that the jury could have determined were not true, and thus undermined her credibility. For example, plaintiff testified that her employment with a company called Super Shuttle ended when the company went out of business. *See* Trial Tr. (10/4/00) at 91. Super Shuttle's General Manager, Joseph Malone, testified that Super Shuttle did not go out of business, and that

An appropriate scheduling order will follow.

**AND IT IS SO ORDERED.**

plaintiff's termination was "involuntary." *See id.* at 126.

6. Because a new trial on liability is warranted, plaintiff's motion for a court order directing defendant to reinstate her as a casual driver is denied without prejudice. Plaintiff may reassert her motion if she prevails at the new trial.